## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

IN RE:

MAGDALENA PEREZ,

     Debtor.

_____/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

WILDFIRE CREDIT UNION,
     Plaintiff,

Adv. Proc. No. 25-02007-dob

vs.

MAGDALENA PEREZ,
     Defendant.

_____/

MAGDALENA PEREZ
     Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
     Third-Party Defendants

_____/

## PLAINTIFF'S OBJECTION TO THIRD-PARTY DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF WILDFIRE CREDIT UNION

NOW COMES the Plaintiff in the above cause, WILDFIRE CREDIT UNION, by and through its attorneys, Wenzloff & Fireman, P.C. by Karl L. Wenzloff, and in response and in objection to Third-Party Defendant David Stockman's Motion to Compel Deposition of Plaintiff Wildfire Credit Union Pursuant to FRCP 30(b)(6) states as follows:

1.    Third-party Defendant David Stockman asserts in his motion that he served a Notice of Taking Oral Deposition upon the Plaintiff Wildfire Credit Union on March 12, 2026.

2.    No such notice was served upon or provided to Wildfire Credit Union or its counsel.

3.    Instead, on November 3, 2025, Dr. Stockman sent an email to the Credit Union's counsel asking, "Karl, do you have any time over the next few weeks when I can depose yourself, Ben Denay, Ken Voelker, Anne Rice, John Harken?".  See attached email correspondence.

4.    The Credit Union's counsel responded on November 6, 2025 as follows, "Dr. Stockman,  I'm a little confused.  The people you identify as the ones you wish to depose don't work in the collection department, and I'm not sure what information they would possess that could help develop your case.  As for me, as I've mentioned, I can't testify as to very much because of the attorney/client privilege.  Depositions aren't fishing expeditions - you are limited to asking questions that are relevant or relate to this particular matter (the negative checking account, the bounced checks, and your relationship to Ms. Perez).  Could you enlighten me as to the areas about which you intend to question them?  Otherwise, I can't agree to the depositions of these individuals at this time."

5.    Dr. Stockman responded, "They will be deposed. It is not a fishing expedition....".  No further communication on this topic was made between the parties until March 11, 2026.

6.    On March 11, 2026, Dr. Stockman sent an email that read, "Please give me dates for deposition. Thank you."

7.    Wildfire's counsel responded on March 12, "Let me check with my client regarding their availability.  As you probably remember, I'm out of the state between March 30 and April 6, so we can't have any depositions during that time.  Remind me, who were you seeking to depose?"

8.    Dr. Stockman responded, "Ben Denay, Ken Voelker, Anne Rice, John Harken?  March 26."  Moments later he sent a second email that read, "Also for yourself".

9.     Without waiting for a response and less than six hours later, Dr. Stockman filed this motion to compel.

10.     On March 19, 2026, the Credit Union responded as follows to a subsequent inquiry by Dr. Stockman concerning deposition scheduling: "..the Credit Union will not consent to a deposition of Ben Denay, Ken Voelker, John Harken, or myself.  None of these persons possess information that would be relevant to the issue of whether the underlying debt is nondischargeable or whether you are liable to Magdalena Perez under an indemnification theory.  You failed to explain how deposing these individuals would contribute to your defense.  Regarding Anne Rice, the Credit Union has no record of any employee by that name.

If you'd like to depose someone at the Credit Union, you could depose Tracy Kaufman or Lindsay LaPierre, who handled the collection aspect of this case and would have potentially relevant information.  They're not available on March 26, but I'm sure we could find an acceptable alternative date.  Or, let me know what specific, relevant information you're seeking, and the Credit Union can determine who is best suited to testify about that.  Let me know.  Thank you."  See email correspondence.

12.     Dr. Stockman's response to this was simply, "I suggest you oppose the motions then".

13.     Dr. Stockman has never sent the Credit Union or its counsel a subpoena. As seen above, the emails never contained a time or a place for the deposition, and the emails do not meet the requirements for a Notice to Take Deposition as identified in FRCP 30(b).

14.     Furthermore, Dr. Stockman failed to "describe with reasonable particularity the matters for examination" as required by FRCP 30(b).  Consequently, the Credit Union could not properly designate a witness to testify on behalf of the organization.

15.     Because Dr. Stockman failed to properly notice the deposition, his motion to compel is premature and the relief sought is unavailable.

16.     Furthermore, Dr. Stockman failed to confer in good faith with the proposed deponent in an effort to obtain it without court action as required by FRCP 37.  Despite multiple requests from the Credit Union, he has failed to explain the necessity of deposing the individuals he seeks to depose.  Furthermore, he filed this

motion the same day he made his inquiry about potential dates for a deposition, and the motion was filed before the Credit Union's counsel was able to confer with his client about his request.

17. Furthermore, the persons that Dr. Stockman seeks to depose lack relevant information that would help develop his defense.

18. Per FRCP 26(b), "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…".

19. This adversary proceeding concerns whether a negative checking account was incurred by fraud and is therefore nondischargeable. The pertinent issues are limited to the deposits and withdrawals on the account, the Defendants' knowledge and intent regarding those transactions, and the Credit Union's handling of the account.

20. The persons Dr. Stockman seeks to depose have no direct information about such topics.

21. The Credit Union's CEO Ben Denay has no direct knowledge concerning monies deposited into or out of the account. Nor did he have any oversight concerning these transfers or communicate with anyone concerning such transfers at the time they were made. Indeed, Mr. Denay was not even CEO of the Credit Union at the time the account became negative.

22. As a member of the Credit Union's Board of Directors, Ken Voelker is even further removed from any knowledge of this case. He would have no relevant information concerning the account at issue.

23. Similarly, Karl Wenzloff, the Credit Union's legal counsel, has no direct information about the account or the transfers at issue. He did not become involved in this matter until after the checking account became negative and the case was sent to him to file suit in state court. Furthermore, as the Credit Union's attorney, most information he possesses is privileged.

24. John Harken is a Vice President of Commercial Lending. While he may have solicited Dr. Stockman's business, Mr. Harken was not involved in

overseeing, authorizing, approving, or monitoring the account at issue. He would have no relevant information concerning how the account became negative or the representations made to the Credit Union concerning the account.

25. Lastly, the Credit Union has no record of an "Anne Rice" working at the Credit Union, and Dr. Stockman offered no information that might help the Credit Union identify who he might be referencing.

26. The Credit Union's counsel has offered alternative persons to be deposed on behalf of the Credit Union, but Dr. Stockman has refused to accept such offers.

27. Indeed, because several of these individuals (Ben Denay, Ken Voelker, and Karl Wenzloff) were recently defendants in a separate action (now dismissed) filed by Dr. Stockman, the proposed depositions appear to be an attempt to continue to prosecute such case even following its dismissal. Such use of discovery is inappropriate and improper.

28. Because they lack relevant information concerning the matter at hand in this case, depositions of these individuals would be disproportionate, burdensome, and unnecessary.

29. Accordingly, compelling depositions of these individuals would impose undue burden and expense without any corresponding benefit,and should not be permitted under Rule 26(b)(1).

WHEREFORE, for the reasons stated above, the Third-Party Defendant's motion to compel should be denied and a protective order should be entered barring the Defendant from deposing Ken Voelker, Ben Denay, Karl Wenzloff, and John Harken. The Plaintiff further seeks attorney fees and costs for having had to respond to this moiton.

Date:  3/25/2026                          /s/ Karl L. Wenzloff
                                          Karl L. Wenzloff (P71939), Attorney for Plaintiff
                                          903 N. Jackson, Bay City, MI 48708
                                          (989) 893-9511
                                          wenzloffbankruptcy@sbcglobal.net




**Plaintiff EXHIBIT**

Karl Wenzloff <karl@wenzlofflaw.com>

---

## Deposition dates
11 messages

**David Stockman** <dstockma4@icloud.com>                         Mon, Nov 3, 2025 at 4:06 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>, mfrey@matthewfreylaw.com

Karl, do you have any time over the next few weeks when I can depose yourself, Ben Denay, Ken Voelker, Anne Rice, John Harken?

Matt, I would like to depose Magdalena at some point. Please let me know when a good opportunity would be for that. It can be on her schedule

---

**mfrey matthewfreylaw.com** <mfrey@matthewfreylaw.com>                Mon, Nov 3, 2025 at 4:17 PM
To: David Stockman <dstockma4@icloud.com>, Karl Wenzloff <karl@wenzlofflaw.com>

I'd personally prefer to complete the requests for production, requests to admit, and interrogatories between the parties before scheduling actual depositions as that would be much more helpful than doing that second. But my depositions would be limited at this time to yourself and Jennifer, which can be done later as we have a fairly generous discovery period under which to conduct all the matters. I'm sure I can make Ms. Perez available most any day with a reasonable amount of notice.

I am also under the impression the Court is going to shortly order mediation in this matter. So the parties may wish to complete that process before undertaking what is likely to be at least a couple of days of depositions from the sounds of it.


Matthew L. Frey, J.D., LL.M.
Attorney at Law
4901 Towne Centre Road, Suite 235
Saginaw, MI 48604
Ph: 989-297-1560
Fax: 989-393-5962
office: 989-799-2227
mfrey@matthewfreylaw.com

Also available for all appointments or communications via Zoom, Skype, or Facetime

An Act of Congress requires me to indicate that pursuant to the United States Bankruptcy Code, I am a debt relief agency. I help people file for bankruptcy relief under the Bankruptcy Code, among other legal services I provide.
[Quoted text hidden]

---

**Karl Wenzloff** <karl@wenzlofflaw.com>                         Thu, Nov 6, 2025 at 2:46 PM
To: David Stockman <dstockma4@icloud.com>, Matt Frey <mfrey@matthewfreylaw.com>

Dr. Stockman,
      I'm a little confused.  The people you identify as the ones you wish to depose don't work in the collection department, and I'm not sure what information they would possess that could help develop your case.  As for me, as I've mentioned, I can't testify as to very much because of the attorney/client privilege.  Depositions aren't fishing expeditions - you are limited to asking questions that are relevant or relate to this particular matter (the negative checking account, the bounced checks, and your relationship to Ms. Perez).  Could you enlighten me as to the areas about which you intend to question them?  Otherwise, I can't agree to the depositions of these individuals at this time.

Karl Wenzloff
[Quoted text hidden]

--
Karl L. Wenzloff
Wenzloff & Fireman, P.C.

903 North Jackson, Bay City, MI 48708
989-893-9511

*This email is confidential and is intended solely for the use of the person identified and intended as the recipient. If you are not the intended recipient, any disclosure, copying, distribution, or taking of any action in reliance on the contents is prohibited. If you receive this message in error, please contact the sender immediately.*

---

**David Stockman** <dstockma4@icloud.com>                    Thu, Nov 6, 2025 at 3:32 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>
Cc: Matt Frey <mfrey@matthewfreylaw.com>

They will be deposed. It is not a fishing expedition. Please let me know if you will make them available.
[Quoted text hidden]

---

**David Stockman** <dstockma4@icloud.com>                    Thu, Nov 6, 2025 at 3:35 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>
Cc: Matt Frey <mfrey@matthewfreylaw.com>

This is the remanded case: 2:25-cv-13537
[Quoted text hidden]

---

**David Stockman** <dstockma4@icloud.com>                    Wed, Mar 11, 2026 at 10:15 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>, mfrey@matthewfreylaw.com

Good Evening,

Please give me dates for deposition. Thank you.
[Quoted text hidden]

---

**mfrey matthewfreylaw.com** <mfrey@matthewfreylaw.com>         Thu, Mar 12, 2026 at 5:31 AM
To: David Stockman <dstockma4@icloud.com>, Karl Wenzloff <karl@wenzlofflaw.com>

Hello,

As we have mediation set for early April involving all the parties. I think it would be best to wait until that process concludes before any depositions are scheduled.

Sincerely,

Matthew L. Frey, J.D., LL.M.
Attorney at Law
4901 Towne Centre Road, Suite 235
Saginaw, MI 48604
Ph: 989-297-1560
Fax: 989-393-5962
office: 989-799-2227
mfrey@matthewfreylaw.com

Also available for all appointments or communications via Zoom, Skype, or Facetime

An Act of Congress requires me to indicate that pursuant to the United States Bankruptcy Code, I am a debt relief agency. I help people file for bankruptcy relief under the Bankruptcy Code, among other legal services I provide.

-----Original Message-----
From: David Stockman <dstockma4@icloud.com>
Sent: Wednesday, March 11, 2026 10:16 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>; mfrey matthewfreylaw.com <mfrey@matthewfreylaw.com>
[Quoted text hidden]

---

**David Stockman** <dstockma4@icloud.com>                    Thu, Mar 12, 2026 at 6:25 AM
To: "mfrey matthewfreylaw.com" <mfrey@matthewfreylaw.com>

Cc: Karl Wenzloff <karl@wenzlofflaw.com>

No.
[Quoted text hidden]

---

**Karl Wenzloff** <karl@wenzlofflaw.com>                                   Thu, Mar 12, 2026 at 9:16 AM
To: David Stockman <dstockma4@icloud.com>, Matt Frey <mfrey@matthewfreylaw.com>

Let me check with my client regarding their availability. As you probably remember, I'm out of the state between March 30 and April 6, so we can't have any depositions during that time. Remind me, who were you seeking to depose?

Karl
[Quoted text hidden]
[Quoted text hidden]

---

**David Stockman** <dstockma4@icloud.com>                                   Thu, Mar 12, 2026 at 9:17 AM
To: Karl Wenzloff <karl@wenzlofflaw.com>
Cc: Matt Frey <mfrey@matthewfreylaw.com>

 Ben Denay, Ken Voelker, Anne Rice, John Harken?

March 26
[Quoted text hidden]

---

**David Stockman** <dstockma4@icloud.com>                                   Thu, Mar 12, 2026 at 10:57 AM
To: Karl Wenzloff <karl@wenzlofflaw.com>
Cc: Matt Frey <mfrey@matthewfreylaw.com>

Also for yourself.

> On Mar 12, 2026, at 9:16 AM, Karl Wenzloff <karl@wenzlofflaw.com> wrote:
>
> [Quoted text hidden]



## Depositions

**David Stockman** <dstockma4@icloud.com>                    Wed, Mar 18, 2026 at 7:16 AM
To: Adrienne Hayes <alhayes@brmattorneys.com>, Karl Wenzloff <karl@wenzlofflaw.com>, mfrey@matthewfreylaw.com

Hi, what dates will everyone be available for deposition. I take the responses in your previous emails that you will not make your clients available? Please let me know if this is the case or are we going to push this through motion work.



Karl Wenzloff <karl@wenzlofflaw.com>

## Depositions

**Karl Wenzloff** <karl@wenzlofflaw.com>                    Thu, Mar 19, 2026 at 4:16 PM
To: David Stockman <dstockma4@icloud.com>
Cc: "mfrey matthewfreylaw.com" <mfrey@matthewfreylaw.com>, Adrienne Hayes <alhayes@brmattorneys.com>

Dr. Stockman,

   I've heard back from my client.  They are **not** willing to agree to reschedule the mediation in this matter.  If you want to extend the mediation deadline, you'll need to file a motion with the court.  As for the depositions, the Credit Unon will **not** consent to a deposition of Ben Denay, Ken Voelker, John Harken, or myself.  None of these persons possess information that would be relevant to the issue of whether the underlying debt is nondischargeable or whether you are liable to Magdalena Perez under an indemnification theory.  You failed to explain how deposing these individuals would contribute to your defense.  Regarding Anne Rice, the Credit Union has no record of any employee by that name.

   If you'd like to depose someone at the Credit Union, you could depose Tracy Kaufman or Lindsay LaPierre, who handled the collection aspect of this case and would have potentially relevant information.  They're not available on March 26, but I'm sure we could find an acceptable alternative date.  Or, let me know what specific, relevant information you're seeking, and the Credit Union can determine who is best suited to testify about that.  Let me know.  Thank you.

Karl Wenzloff
[Quoted text hidden]

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

IN RE:
MAGDALENA PEREZ,

    Debtor.

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

_____/

WILDFIRE CREDIT UNION,
    Plaintiff,

Adv. Proc. No. 25-02007-dob

vs.

MAGDALENA PEREZ,
    Defendant.

_____/

MAGDALENA PEREZ
    Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
    Third-Party Defendants

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on the date set out below I served a copy of the following document(s) upon each of the parties listed below.

    ***PLAINTIFF'S OBJECTION TO THIRD-PARTY DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF, WILDFIRE CREDIT UNION, With Exhibit and CERTIFICATE OF SERVICE***

Served electronically via the Court's ECF system:

    Matthew Lee Frey:           mfrey@matthewfreylaw.com

A copy was emailed to David Stockman at dstockma4@icloud.com.

Served via United States Postal Service with the proper amount of postage affixed thereon:

David Stockman
3871 Fortune Blvd.
Saginaw, MI 48603

Jennifer Stockman
5775 McCarty Road
Saginaw, MI 48603

Date:   3/25/2026                              /s/ Karl L. Wenzloff
                                   Karl L. Wenzloff (P71939), Attorney for Plaintiff
                                   903 N. Jackson, Bay City, MI 48708
                                   (989) 893-9511
                                   wenzloffbankruptcy@sbcglobal.net