UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

IN RE:
MAGDALENA PEREZ,

     Debtor.

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

_____/

WILDFIRE CREDIT UNION,
     Plaintiff,

Adv. Proc. No. 25-02007-dob

vs.

MAGDALENA PEREZ,
     Defendant.

_____/

MAGDALENA PEREZ
     Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
     Third-Party Defendants

_____/

**PLAINTIFF'S OBJECTION/RESPONSE TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S CORRECTED MOTION TO STRIKE PLAINTIFF'S OBJECTION TO THIRD-PARTY DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF WILDFIRE CREDIT UNION PURSUANT TO FRCP 30(b)(6), FOR DISQUALIFICATION OF COUNSEL KARL L. WENZLOFF AND THE FIRM OF WENZLOFF & FIREMAN, P.C., FOR SANCTIONS, AND FOR DISMISSAL OF THE ADVERSARY PROCEEDING, AND REQUEST FOR RULING ON THE PAPERS**

     NOW COMES the Plaintiff in the above cause, WILDFIRE CREDIT UNION, by and through its attorneys, Wenzloff & Fireman, P.C. by Karl L. Wenzloff, and in

response and in objection to PLAINTIFF'S OBJECTION/RESPONSE TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S CORRECTED MOTION TO STRIKE PLAINTIFF'S OBJECTION TO THIRD-PARTY DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF WILDFIRE CREDIT UNION PURSUANT TO FRCP 30(b)(6), FOR DISQUALIFICATION OF COUNSEL KARL L. WENZLOFF AND THE FIRM OF WENZLOFF & FIREMAN, P.C., FOR SANCTIONS, AND FOR DISMISSAL OF THE ADVERSARY PROCEEDING, AND REQUEST FOR RULING ON THE PAPERS and states that the same should be denied for reason that it is meritless and for the additional reasons outlined in the attached brief.

WHEREFORE, Plaintiff requests that this Honorable Court deny the Third-Party Defendant's Motion and award the Plaintiff its costs and attorney fees for having had to defend against the same.

Date:  4/23/2026  /s/ Karl L. Wenzloff

Karl L. Wenzloff (P71939), Attorney for Plaintiff
903 N. Jackson, Bay City, MI 48708
(989) 893-9511
wenzloffbankruptcy@sbcglobal.net

IN RE:
MAGDALENA PEREZ,

    Debtor.

_____/

WILDFIRE CREDIT UNION,
    Plaintiff,

vs.

MAGDALENA PEREZ,
    Defendant.

_____/

MAGDALENA PEREZ
    Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
    Third-Party Defendants

_____/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7


Adv. Proc. No. 25-02007-dob

## BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTION TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S CORRECTED MOTION TO STRIKE PLAINTIFF'S OBJECTION TO THIRD-PARTY DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF WILDFIRE CREDIT UNION PURSUANT TO FRCP 30(b)(6), FOR DISQUALIFICATION OF COUNSEL KARL L. WENZLOFF AND THE FIRM OF WENZLOFF & FIREMAN, P.C., FOR SANCTIONS, AND FOR DISMISSAL OF THE ADVERSARY PROCEEDING, AND REQUEST FOR RULING ON THE PAPERS

## I. Introduction

The motion filed by Third Party Defendant, David Stockman, should be denied in its entirety. It is procedurally improper, factually and legally unsupported, frivolous, and attempts to combine multiple distinct forms of relief (striking a document, disqualifying counsel, imposing sanctions, obtaining a dismissal of the case) into a single, unwieldly filing. At its heart, the motion rests on a single premise: that an unfiled, conditional stipulation from August 2024 somehow eliminates the basis for this adversary proceeding and justifies extraordinary relief. That premise is incorrect. The stipulation was never entered by a court and has no bearing on the issues before this Court. Rather than addressing the actual issue presented in this case (whether the debt at issue is nondischargeable), Dr. Stockman seeks to (once again) relitigate state-court matters and harass opposing counsel with requests for disqualification and sanctions. The Court should reject this attempt and award the Credit Union its costs against Dr. Stockman for having to defend against the same.

## II. The Motion to Strike Should Be Denied on Procedural and Legal Grounds.

The motion includes a request to strike Plaintiff's Objection to his Motion to Compel Discovery. Dr. Stockman seeks to depose Wildfire Credit Union's CEO, the Chairman of its Board, and its Counsel. Plaintiff filed an objection to such depositions on grounds that the persons whose depositions are being sought are unnecessary witnesses and that such depositions are overly burdensome and wasteful.

Motions to strike are governed by Federal Rule 12(f), which states, "The court may strike from a pleading an insufficient defense or any redundant,

immaterial, impertinent, or scandalous matter". Motions to strike are "viewed with disfavor and are not frequently granted". *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir.1953).

By its own language, Rule 12(f) clearly applies only to "pleadings". An objection to a discovery motion is not a pleading under Rule 7, and therefore cannot be stricken under Rule 12(f). See *Frazier v. Michigan*, ED Mich. 2019 (Case N. 96-73419) ("Plaintiffs respond that Rule 12(f) only applies to 'pleadings' such as a 'complaint.' A motion is not a pleading. The Court agrees with Plaintiffs that Rule 12(f) does not apply in this instance since the provisions Defendants seek to strike are materials in motions and/or briefs."); *Miller v. Blue Cross Blue Shield of Michigan*, ED Mich 2021 (Case No. 21-10687) ("Plaintiff filed motions to strike in response to various motions to dismiss... A motion is not a pleading subject to being stricken pursuant to FRCP 7 and 12(f). The motions to strike are DENIED."). Because Plaintiff's Objection to the Motion to Compel is not a pleading, it consequently cannot be struck, and Dr. Stockman's motion must fail.

Even if Rule 12(f) was applicable to an objection to a motion to compel, Dr. Stockman failed to meet the Rule's standard. As the Michigan Eastern District Court has written,

> 'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 706-07 (1990). "'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." Id. at 711. "'Scandalous" matter consists of statements that "unnecessarily reflect[] on the moral character of an individual or state[] anything in repulsive language that detracts from the dignity of the Court." 2A MOORE'S FEDERAL PRACTICE § 12.37, at 12-97.

*Barnes v. Convention & Show Services, Inc.*, ED Michigan 2013 (Case No. 12-13770).

The Credit Union's objection to Dr. Stockman's discovery request cannot be said to fall into any of these categories. Nor has Dr. Stockman offered any clear explanation in his motion why the Credit Union's objection is immaterial, impertinent, or scandalous. The objection clearly relates to the relief being sought: protecting an unnecessary witness from burdensome and harassing discovery.

The only explanation offered by Dr. Stockman is his argument that the stipulation signed in August 2024 actually set aside the default judgment (thus, apparently voiding the judgment). But the stipulation was never filed and never entered by the state court. Furthermore, the stipulation was expressly conditional. It required Dr. Stockman to file an answer by August 20, 2024, which he did not do. Because the condition was never satisfied, the stipulation has no operative effect. Moreover, the state court reviewed the stipulation and did not rule that it set aside the default judgment; indeed, it ruled the opposite, that the default judgment should stand, in part, because the stipulation constituted an agreement between the parties that Dr. Stockman's counsel did not fulfill. Lastly, and most importantly, this adversary proceeding does not depend on the existence of a default judgment; even if the default had never been entered or had been set aside, the Credit Union could still pursue a nondischargeability action against a bankrupt debtor. Nondischargeability actions are not predicated on the entry of judgment in state court.

Because Dr. Stockman fails to identify any legitimate reason to strike the objection and because objections are not subject to Rule 12(f) anyway, his motion to strike must be denied.

III. The Request to Dismiss the Adversary Proceeding is Improper

Dr. Stockman also includes a request for the Court to dismiss the adversary proceeding filed by the Credit Union against Magdalena Perez. He cites no basis for this relief, and it is unclear what rule or standard he seeks to apply. He provides no evidentiary support for his request, nor does he identify any undisputed material facts. In short, his request does not meet the requirements or standards for dispositive relief.

Equally problematic, Dr. Stockman's request to dismiss this adversary proceeding seeks relief on behalf of another party, Magdalena Perez. This Court (as well as the state court) has repeatedly advised Dr. Stockman that, as a pro se litigant, he may represent only his own interests and may not advocate on behalf of co-defendants or other parties. Notwithstanding that instruction, the motion seeks dismissal of the claims against Magdalena Perez and asserts arguments concerning her alleged lack of liability and entitlement to a discharge. As Dr. Stockman well knows, he lacks standing to seek such relief, and his request should be denied on that basis alone. Furthermore, Dr. Stockman's continued attempt to advocate on behalf of Ms. Perez, despite this Court's prior admonishments, is improper and warrants sanctioning or additional judicial action to dissuade him from pursuing such action in the future.

III. The Request for Sanctions Is Baseless and Should Be Denied.

Dr. Stockman's request for sanctions is also procedurally improper and substantively unsupported. First, the conduct that Dr. Stockman identifies as "sanctionable" arises almost entirely from actions allegedly taken in the prior state-

court litigation. This Court's authority to impose sanctions under Federal Rule of Bankruptcy Procedure 9011, 28 U.S.C. § 1927, or its inherent powers is limited to conduct occurring in connection with proceedings before it. This Bankruptcy Court is not a forum for the sanctioning of alleged misconduct in a separate, state court proceeding. For this reason alone, his request for sanctions should be denied.

Even if the Court were to consider the allegations, the purported "bad-faith conduct" attributed to Mr. Wenzloff is either demonstrably false or falls well short of the demanding standard required for sanctions under Rule 9011 or 28 U.S.C. § 1927. Contrary to Dr. Stockman's assertions, Mr. Wenzloff did not conceal the entry of default from opposing counsel; the judgment itself includes a certificate of mailing indicating that it was mailed the same day that it was entered. See Exhibit B of Defendant's Corrected Motion, Dkt. 131-1, Page 4. Furthermore, Mr. Wenzloff honored his agreement to set aside the default by signing and returning a stipulation setting aside the default to Dr. Stockman's counsel. See Email, Dkt. #131-1, Page 25. Mr. Wenzloff had no obligation to file that stipulation, particularly where it was prepared by opposing counsel and sought relief on behalf of the defendant.

Nor did Mr. Wenzloff "conceal" settlement discussions and negotiations with opposing counsel from the state court. There is no general duty to disclose ongoing settlement discussions to a court, and such communications are typically confidential in nature. In any event, the existence of settlement negotiations was disclosed in early state-court filings, including the response to the motion to set aside the default. See Dkt. #131-1, Page 42. Moreover, those negotiations had effectively concluded by the time the default was entered; Mr. Wenzloff had already submitted his client's final offer. See Dkt. #131-1, Page 20.

Dr. Stockman also alleges that Mr. Wenzloff "concealed" from the Bankruptcy Court the signed conditional stipulation to set aside the default, the existence of settlement negotiations, and "the entire sequence of events". Mr. Wenzloff has been forthcoming with the Bankruptcy Court regarding the history of the state-court litigation and has previously included as an exhibit the very stipulation that Dr. Stockman claims was concealed. More importantly, such information is not relevant to the claims in this adversary proceeding. The existence of prior settlement discussions does not bear on whether the debt at issue is dischargeable under 11 U.S.C. § 523, and the procedural history of the state-court default does not alter the analysis as to Ms. Perez. Thus, even if he hadn't presented information about the state court case, there was genuinely no duty or requirement for Mr. Wenzloff to do so in this case.

In short, it cannot be said that Mr. Wenzloff has presented an improper pleading or argument to the Bankruptcy Court (as barred by Rule 9011) or unreasonably and vexatiously prolonged this case (as prohibited by 28 USC §1927). Nothing he has done reaches the threshold of sanctionable behavior. Indeed, to the extent any motion has unnecessarily multiplied these proceedings, it is the present motion itself, which seeks sweeping sanctions without a proper factual or legal basis. Accordingly, his request should be denied.

## IV. There Are No Grounds to Disqualify Mr. Wenzloff or His Firm

Dr. Stockman already filed a motion to disqualify the Credit Union's counsel, and the Credit Union relies upon its response to that motion in responding to the request for disqualification included in the present motion. Dr. Stockman adds no new significant facts or legal analysis to his prior, pending motion.

Even considered on its own merits, the renewed request for disqualification fails. "The extreme sanction of disqualification should only be utilized when there is a "reasonable possibility that some specifically identifiable impropriety" actually occurred, and where the public interest in requiring professional conduct by an attorney outweighs the competing interest of allowing a party to retain counsel of his choice." *DeBiasi v. Charter County of Wayne*, 284 F.Supp.2d 760 (E.D.Mich. 2003). The burden rests on the moving party to establish a clear basis for such relief. Dr. Stockman has not met that burden.

Dr. Stockman's argument relies primarily on the assertion that Mr. Wenzloff is a "necessary witness" under Michigan Rule of Professional Conduct 3.7. That rule, however, is limited in scope. It applies to representation "at trial" and does not bar an attorney from participating in pretrial matters, including motion practice and discovery. The trial is not scheduled in this matter until after September, and there is no present basis to conclude that Mr. Wenzloff's continued representation would violate Rule 3.7. Furthermore, per the Rule, another attorney in his firm could handle the trial if Mr. Wenzloff's testimony is found to be necessary.

That having been said, Dr. Stockman has not, in fact, demonstrated that Mr. Wenzloff is a "necessary" witness. It is unclear from his motion as to what "multiple specific infractions" Mr. Wenzloff would testify on. The other issues Dr. Stockman cites (communications between counsel, the execution of a stipulation, and the procedural history of the state-court litigation) are not before the Court and are irrelevant to the case at hand. Nor, to Mr. Wenzloff's knowledge, has an adversary proceeding been re-filed with the Court naming him as a defendant. In short, there is no relevant factual issue for which Mr. Wenzloff is a necessary witness.

Dr. Stockman's reliance on alleged conflicts of interest is likewise misplaced. He has not identified any actual conflict that would materially limit Mr. Wenzloff's representation of the Credit Union. Instead, the motion is premised on assertions concerning counsel's prior conduct in unrelated proceedings. That conduct is not before the court in this case, and such allegations are insufficient to support disqualification. Furthermore, to the extent any potential issue could be characterized as a conflict, the Credit Union has knowingly and voluntarily consented to Mr. Wenzloff's continued representation, thereby waiving any such conflict. See MRPC 1.7(b)

For all of these reasons, there is no basis to disqualify Mr. Wenzloff or his firm, and the request should be denied.

V. Conclusion

This motion is yet another attempt by Dr. Stockman to revisit and relitigate the state court case and judgment. As has been repeatedly stated by the Credit Union, the state court judgment and the conduct leading to the entry of the judgment have no relevance to this adversary proceeding. Dr. Stockman continues to disregard that limitation and instead uses this matter to advance arguments that have already been raised, considered, and rejected by the state court, while simultaneously seeking relief that is procedurally improper and substantively unsupported.

The motion combines multiple unrelated requests, misapplies governing legal standards, and relies on allegations that are either demonstrably false or immaterial to the issues before this Court. Rather than advancing the resolution of dischargeability issue, his motion serves only to needlessly prolong this case,

increase costs, harass the Plaintiff and its counsel, and delay adjudication of the merits.

Accordingly, Wildfire Credit Union requests this Honorable Court to deny David Stockman's motion in full, and to award the Credit Union its costs and attorney fees against David Stockman for having to defend against the same.

Date: 4/23/2026     /s/ Karl L. Wenzloff
Karl L. Wenzloff (P71939), Attorney for Plaintiff
903 N. Jackson, Bay City, MI 48708
(989) 893-9511
wenzloffbankruptcy@sbcglobal.net

IN RE:
MAGDALENA PEREZ,

    Debtor.

_____/

WILDFIRE CREDIT UNION,
    Plaintiff,

vs.

MAGDALENA PEREZ,
    Defendant.

_____/

MAGDALENA PEREZ
    Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
    Third-Party Defendants

_____/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

Adv. Proc. No. 25-02007-dob

## CERTIFICATE OF SERVICE

I hereby certify that on the date set out below I served a copy of the following document(s) upon each of the parties listed below.

    *PLAINTIFF'S OBJECTION/RESPONSE TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S CORRECTED MOTION TO STRIKE PLAINTIFF'S OBJECTION TO THIRD-PARTY DEFENDANT'S MOTION TO COMPEL DEPOSITION OF PLAINTIFF WILDFIRE CREDIT UNION PURSUANT TO FRCP 30(b)(6), FOR DISQUALIFICATION OF COUNSEL KARL L. WENZLOFF AND THE FIRM OF WENZLOFF & FIREMAN, P.C., FOR SANCTIONS, AND FOR DISMISSAL OF THE ADVERSARY PROCEEDING, AND REQUEST FOR RULING ON THE PAPERS,*
        *BRIEF IN SUPPORT,*
        *CERTIFICATE OF SERVICE*

Served electronically via the Court's ECF system:

Matthew Lee Frey:                     mfrey@matthewfreylaw.com

A copy was emailed to David Stockman at dstockma4@icloud.com.

Served via United States Postal Service with the proper amount of postage affixed thereon:

David Stockman                  Jennifer Stockman
3871 Fortune Blvd.              5775 McCarty Road
Saginaw, MI 48603              Saginaw, MI 48603

Date:   4/23/2026                          /s/ Karl L. Wenzloff
                                  Karl L. Wenzloff (P71939), Attorney for Plaintiff
                                  903 N. Jackson, Bay City, MI 48708
                                  (989) 893-9511
                                  wenzloffbankruptcy@sbcglobal.net