UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

IN RE:

MAGDALENA PEREZ,
    Debtor.

_____/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

WILDFIRE CREDIT UNION,
    Plaintiff,

Adv. Proc. No. 25-02007

vs.

MAGDALENA PEREZ,
    Defendant/Third-Party Plaintiff,

vs.

DAVID STOCKMAN and JENNIFER STOCKMAN,
    Third-Party Defendants.

_____/

**DEFENDANT/THIRD PARTY PLAINTIFF'S RESPONSES TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S FIRST SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT/THIRD-PARTY PLAINTIFF MAGDALENA PEREZ**

NOW COMES, Magdalena Perez, Debtor/Defendant/Third-Party Defendant, and for her responses to the above-captioned matter states as follows:

**INTERROGATORIES**

1. Detail the total number of NSFs that occurred in the GLBS Draft Account during the entire course of business with Wildfire, and describe the ordinary-course business reasons for each such NSF.

   RESPONSE: I did not retain records of this record after GLBS closed and my employment was transferred back to Michigan Health Clinic, P.C., Third-Party Defendant David Stockman would have had the same access I did to these records.

2. Describe how many times any deficit resulting from an NSF in the GLBS Draft Account was cured by subsequent deposits or transfers, and identify the source and date of each cure.

   RESPONSE: I did not retain records of this record after GLBS closed and my employment was transferred back to Michigan Health Clinic, P.C., Third-Party

Defendant David Stockman would have had the same access I did to these records.

3. State the total number of payrolls processed through the GLBS Draft Account at Wildfire and the approximate dollar amount of each payroll.

   RESPONSE: I did not retain records of this record after GLBS closed and my employment was transferred back to Michigan Health Clinic, P.C.. Third-Party Defendant David Stockman would have had the same access I did to these records.

4. Identify the date of the last Communication You received from any Wildfire representative.

   RESPONSE: November 7, 2023.

5. Describe in detail any formal notice (letter, email, or other written demand) You received from Wildfire stating that an outstanding debt existed and demanding repayment.

   RESPONSE: I do not believe I personally received any formal notice. Any notice received would have been sent to GLBS and David Stockman would have those records.

6. Identify Your primary point of contact at Wildfire for all account-related matters.

   RESPONSE: Ann Ray.

7. Describe any checks written on behalf of GLBS from the GLBS Draft Account at Wildfire that were returned for insufficient funds, including the number of such checks, the payee, the amount, and the business purpose of each check.

   RESPONSE: I did not retain records of this record after GLBS closed and my employment was transferred back to Michigan Health Clinic, P.C.. I would defer to Wildfire's monthly bank statements for this information.

8. State whether Stockman and related companies maintained a very large amount of revenue, and if so, describe the approximate annual revenue and the volume of transactions processed through the GLBS Draft Account.

   RESPONSE: I do not understand the term "very large amount of revenue." I was not in charge of accounts receivable.

9. State whether You believed there would be any problem moving such a high volume of revenue and payroll accounts to Wildfire Credit Union, and explain the basis for Your belief.

   RESPONSE: I do not know how to answer this question as I am not in banking, and I did not handle those functions for David Stockman which would allow me to answer this question. My role was limited to HR functions, administering payroll, and acting on David Stockman's directions when it came to depositing checks at Wildfire Credit Union.

10. Describe each and every conversation You had with Karl L. Wenzloff, including the exact date, approximate time, all participants, and the full context and substance of each such conversation.

RESPONSE: I believe I spoke with him during the underlying litigation in State Court as to whether Jim Kelly represented me. This would have been in 2024. I do not recall any additional communications with Karl L. Wenzloff.

11. Describe each and every conversation You had with Steven Gaus, including the exact date, approximate time, all participants, and the full context and substance of each such conversation.

RESPONSE: I have spoken with Stephen Gaus several times. I do not have exact dates, but once was in response to the original underlying lawsuit and we discussed whether I needed representation. He also called me once or twice about unrelated matters, which may have included questions about Dr. Stockman which I did not or was not able to answer.

## REQUESTS FOR ADMISSION

1. Admit that Wildfire actively recruited Stockman's business and wanted his accounts at Wildfire Credit Union.

   RESPONSE: I do not have personal knowledge about this, but I believe they did.

2. Admit that You believe Wildfire wanted the GLBS and related companies' business.

   RESPONSE: I do not have personal knowledge about this, but I believe they did.

3. Admit that You believe Stockman had no intent to defraud Wildfire.

   RESPONSE: Admit. I do not believe Stockman had intent to defraud Wildfire..

4. Admit that Stockman and related companies were beginning to experience financial hardship during the transition period relevant to the GLBS Draft Account.

   RESPONSE: I do not understand the phrase "beginning to experience financial hardship" as stated. I know some checks did not clear, but in the past Stockman had brought the account current within a timeframe of two weeks or less.

5. Admit that the NSFs in the GLBS Draft Account occurred in the ordinary course of business and were routinely cured by subsequent deposits.

   RESPONSE: Admit.

6. Admit that You never received any formal written demand from Wildfire for repayment of the alleged debt prior to the filing of the State-Court Action.

RESPONSE: Admit.

7. Admit that the volume of payroll and revenue processed through the GLBS Draft Account was consistent with ordinary and expected business activity for GLBS.
RESPONSE: Admit.

8. Admit that no action or omission by You was taken with the purpose or intent to defraud Wildfire Credit Union.

RESPONSE: Admit.

9. Admit that Your conduct could not and did not constitute intentional fraud, false pretenses, or willful and malicious injury within the meaning of 11 U.S.C. §§ 523(a)(2) and 523(a)(6).

RESPONSE: Admit.

10. Admit that You had not graduated from college in 2023 during the entire course of business with Wildfire Credit Union.

RESPONSE: Admit.

11. Admit that Dr. Stockman helped You financially at times in the past when You needed money.

RESPONSE: Admit.

12. Admit that Dr. Stockman has never intended to defraud Wildfire Credit Union.

RESPONSE: Admit in as much as I was never told by Dr. Stockman he intended to defraud Wildfire Credit Union. I did not have access to the accounts used to the issue checks that ultimately did not clear with Wildfire Credit Union.

13. Admit that Great Lakes Bay Staffing intended to actually maintain an account at Wildfire Credit Union and that You had plans to operate a legitimate staffing company through that account.

RESPONSE: Admit in as much as it was discussed as s possibility.

14. Admit that you are a good person.

RESPONSE: Admit.

15. Admit that you go to church.

RESPONSE: Admit.

16. Admit that you received no bonus from any interactions with wildfire.

RESPONSE: Admit.

17. Admit all payments outside of your normal paycheck made to you by David Stockman or through one of his related companies for purposely leaving wildfire with a deficit.
RESPONSE: Deny as I do not understand the request as written.

18. Admit that your attorney has spoken with Stephen Gaus.

RESPONSE: Admit.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all bank statements, transaction logs, and NSF notices for the GLBS Draft Account during the entire period of business with Wildfire.
   **RESPONSE:** I do not have any of these documents in my possession. They can be obtained either from Wildfire Credit Union or from David Stockman.

2. Produce all Communications between You and any Wildfire representative regarding the GLBS Draft Account, payroll processing, NSFs, or any alleged debt.
   **RESPONSE:** I will attach the one email I sent to Ann Ray. I do not have any other of these documents in my possession. They can be obtained either from Wildfire Credit Union or from David Stockman.

3. Produce any and all letters, emails, or other written demands from Wildfire seeking repayment of the alleged debt.
   **RESPONSE:** I do not have any of these documents in my possession. They can be obtained either from Wildfire Credit Union or from David Stockman.

4. Produce all Documents reflecting Wildfire's recruitment or solicitation of Stockman's business or the GLBS accounts.
   **RESPONSE:** I do not have any of these documents in my possession. They can be obtained either from Wildfire Credit Union or from David Stockman.

5. Produce all payroll records, check registers, and deposit records showing the number and amount of payrolls processed through the GLBS Draft Account and any deficits that were cured.
   **RESPONSE:** I do not have any of these documents in my possession. They can be obtained either from Wildfire Credit Union or from David Stockman.

Dated: May 13, 2026

Magdalena Perez, Debtor/Defendant/Third-Party Plaintiff
4355 Augustine St
Saginaw, MI 48638-6509

Dated: May 13, 2026

/s/ Matthew L. Frey
Matthew L Frey (P68239), Attorney for Defendant/
Third-Party Plaintiff
4901 Towne Centre Road, Suite 235, Saginaw MI
48604
989-799-2227 / mfrey@matthewfreylaw.com

**mfrey matthewfreylaw.com**

| | |
|---|---|
| **From:** | Magdalena Perez <mperez15@SVSU.edu> |
| **Sent:** | Tuesday, May 12, 2026 3:43 PM |
| **To:** | mfrey matthewfreylaw.com |
| **Subject:** | Fw: Great Lakes Bay Staffing Company |

Get Outlook for iOS

**From:** Magdalena Perez <mz3847@yahoo.com>
**Sent:** Tuesday, May 12, 2026 3:26 PM
**To:** Magdalena Perez <mperez15@SVSU.edu>
**Subject:** Fw: Great Lakes Bay Staffing Company

MagdaSent from Yahoo Mail for iPhone

Begin forwarded message

On Tuesday, November 7, 2023, 3:31 PM, Magdalena Perez <mz3847@yahoo.com> wrote:

Savings Accounts

 **BUSINESS MEMBERSHIP S...**     $0.00

8247-S-0000                    (×) Account Closed

Other

 **REWARDS - GREAT LAKES...**     $0.00

rewards-64760

Hello Ann,
I am not sure if you remember me. My name is Magdalena Perez and I work for Dr. David Stockman. A couple of months ago I had access to the company bank account. Last I knew he said he was taking care of it as I have no control over the company finances. I just wanted to follow up on that, to see how my name fits on the account and if it was taken care of? I have attached screenshot of the company information. If you are not able to help me, can you please direct me to who can?


Sent from Yahoo Mail for iPhone

United States Bankruptcy Court

Eastern District of Michigan – Northern Division

| | | | |
|---|---|---|---|
| In re | MAGDALENA PEREZ,<br>Debtor | ) ) | Case No. 24-21078-dob |
| | WILDFIRE CREDIT UNION,<br>Plaintiff | ) ) | Adversary Proceeding: |
| | v | ) | 25-02007-DOB |
| | MAGDALENA PEREZ.<br>    Defendant/Third-Party Plaintiff | ) ) | Chapter<br><u>7</u> |
| | V | ) | |
| | DAVID STOCKMAN AND | ) | |
| | JENNIFER STOCKMAN, | ) | |
| | Third-Party Defendants | ) | |
| | | ) | |
| | _____ | ) | |

| | |
|---|---|
| MATTHEW L. FREY (P68239) | WENZLOFF & FIREMAN, P.C. |
| Attorney for Debtor/Defendant | Karl L. Wenzloff (P71949) |
| 4901 Towne Centre Road, Suite 235 | Attorney for Creditor/Plaintiff |
| Saginaw, MI 48604 | 903 N Jackson St |
| 989-799-2227 | Bay City, MI 48708 |
| mfrey@matthewfreylaw.com | 989-893-9511 |
| | wenzloffbankruptcy@sbcglobal.net |

_____   )

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 13, 2026, a copy of Defendant/Third-Party Plaintiff's Responses to Third-Party Defendant David Stockman's First Set of Interrogatories, Requests for Admission, and Requests for Production of Documents directed to Defendant/Third-Party Plaintiff Magdalena Perez was served upon Plaintiff Wildfire Credit Union by ECF at wenzloffbankruptcy@sbcglobal.net, upon Third-Party Defendant David Stockman at his physical address at 3871 Fortune Blvd, Saginaw MI 48603, and upon Third-Party Defendant

Jennifer Stockman at her physical address of 5775 McCarty Road, Saginaw MI 48603 by United States First-Class Mail.

Respectfully submitted,

By: /s/ Matthew L. Frey
MATTHEW L. FREY (P68239)
4901 Towne Centre Road, Suite 235
Saginaw, MI 48604
(989) 799-2227
mfrey@matthewfreylaw.com

Dated: May 13, 2026