UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY


IN RE:

    MAGDALENA PEREZ,

        Debtor.

Case No. 24-21078-dob
Chapter 7 Proceeding
Hon. Daniel S. Opperman

_____/

WILDFIRE CREDIT UNION,
        Plaintiff,
v.

Adv. Proc. No. 25-02007-dob

MAGDALENA PEREZ,
        Defendant/Third-Party Plaintiff,

v.

DAVID STOCKMAN and JENNIFER STOCKMAN,
        Third-Party Defendants.

_____/

OPINION DENYING THIRD-PARTY DEFENDANT DAVID STOCKMAN'S
MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL
KARL L. WENZLOFF AND WENZLOFF & FIREMAN, P.C.

Introduction

Third-Party Defendant David Stockman ("Stockman") requests that this Court disqualify counsel for Wildfire Credit Union, Karl L. Wenzloff, and Wenzloff & Fireman, P.C. from representing Wildfire Credit Union ("Wildfire") in this adversary proceeding. Stockman claims that disqualification is warranted because Mr. Wenzloff may be a necessary witness in regard to various allegations of Stockman as to the timing of a Default and Default Judgment, the concealment of an arbitration clause, leaks to media, and communications with Mr. Gaus, an

1

attorney in the State of Michigan. Mr. Wenzloff and his firm responded to this Motion denying that he is a necessary witness and denying that he or his firm should be disqualified.

<u>Jurisdiction</u>

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability or particular debts). The Court finds that all issues before it emanate from Title 11 of the United States Code, and therefore fall within this Court's jurisdiction.

<u>Facts</u>

This case involves the issue of whether the debt created by a Default Judgment against Magdalena Perez is excepted from discharge pursuant to 11 U.S.C. § 523(a)(2) or (a)(6). Perez answered Wildfire's Complaint and denies that any action or inaction taken by her constitutes a basis for a 523(a)(2) or (a)(6) claim. She also requests indemnification and contribution by Stockman in the event that her basic defense fails in this case.

As has been developed by pleadings and arguments in open Court, Mr. Wenzloff and his firm represented Wildfire in 2024 when a Complaint was filed with the Saginaw County Circuit Court alleging that Stockman, Perez, and Great Lakes Bay Staffing, Inc. ("Staffing") owed Wildfire money. During the course of this state court action, a Default was entered against Perez, Stockman, and Staffing. It subsequently appears that Mr. Wenzloff signed a Stipulation setting aside the Default and Default Judgment as to Stockman and Staffing. The Stipulated Order states as follows:

> This matter having come before the Court by the stipulation of the parties, and the Court being otherwise fully advised in the premises, the parties, by way of the signatures of their respective counsel appearing at the end of this Order, stipulate and agree that the default judgment entered on August 1, 2024 should be

2

set aside as to Defendants, Great Lakes Bay Staffing, Inc. and David Stockman, MD only.

IT IS ORDERED that the Default Judgment entered on August 1, 2024 is vacated and set aside as to Defendants David Stockman, MD, and Great Lakes Bay Staffing, Inc. only. The Default Judgment shall remain in place against Defendant Magdalena Perez.

IT IS FURTHER ORDERED that said Defendants shall file responsive pleadings on or before August 20, 2024.

This is not a final order and does not disposes [sic] of all claims of the parties or close out the case.

As the state court case evolved, the Default Judgment against Ms. Perez was never set aside and she elected to file a Chapter 7 petition with this Court on August 26, 2025. Wildfire commenced this adversary proceeding on January 24, 2025.

<u>Statement of Authorities</u>

Federal courts may look to the Michigan Rules of Professional Conduct for guidance in regard to disqualification of attorneys. *In re Snyder*, 472 U.S. 634, 645 (1985), and *National Union Fire Ins. Co. of Pittsburgh v. Altocor, Inc.*, 466 F.3d, 456 (6th Cir. 2006).

In Michigan, Rule 3.7 of the Michigan Rules of Professional Conduct apply when there is a question as to whether an attorney will be a necessary witness. That Rule states:

"Lawyer as Witness

(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:

(1) the testimony relates to an uncontested issue;

(2) the testimony relates to the nature and value of legal services rendered in the case; or

(3) disqualification of the lawyer would work substantial hardship on the client.

3

(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9."

<u>Analysis</u>

It is true that Mr. Wenzloff represented Wildfire in the state court action and signed the Stipulated Order Setting Aside the Default Judgment as to Stockman and Staffing. The Judgment in issue in this case, however, is not a Default Judgment that was entered as to Stockman or Staffing, but instead as to Perez. As this case currently stands, there is no issue as to the actions taken by Mr. Wenzloff in the state court action, so therefore his testimony about his representation of Wildfire in that action is not relevant.

Likewise, the other stated reasons by Stockman that Mr. Wenzloff has knowledge of concealment of an arbitration clause, made leaks to the media, or communicated with another attorney, are not relevant to this action. Any possible testimony by Mr. Wenzloff regarding these topics would not be relevant to a straightforward determination as to whether Perez's obligations to Wildfire are excepted from discharge under Section 523(a)(2) or (a)(6). Disqualification of Mr. Wenzloff at this time is not warranted.

Likewise, the disqualification of Wenzloff & Firemen, P.C. is not warranted. Even if Mr. Wenzloff were to be later disqualified for reasons unknown to the Court at this time, it is entirely possible that the law firm of Wenzloff & Firemen, P.C. could continue as the attorney for Wildfire. Given that disqualification is a remedy viewed with disfavor and considered to be a drastic measure, disqualification of Mr. Wenzloff or Wenzloff & Firemen, P.C. is not warranted at this time.

The Court concludes that the Motion of Third-Party Defendant David Stockman to Disqualify Plaintiff's Counsel Karl L. Wenzloff and Wenzloff & Firemen, P.C. is DENIED. The Court will enter an order consistent with this Opinion.

**Signed on May 22, 2026**



/s/ Daniel S. Opperman
**Daniel S. Opperman**
**United States Bankruptcy Judge**