UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

MAGDALENA PEREZ,

Case No. 24-21078-dob
Debtor.                                         Chapter 7 Proceeding
Hon. Daniel S. Opperman

_____/

WILDFIRE CREDIT UNION,
        Plaintiff,
v.                                              Adv. Proc. No. 25-02007-dob

MAGDALENA PEREZ,
        Defendant/Third-Party Plaintiff,

v.

DAVID STOCKMAN and JENNIFER STOCKMAN,
        Third-Party Defendants.
_____/

OPINION DENYING THIRD-PARTY DEFENDANT DAVID STOCKMAN'S
MOTION FOR LEAVE TO AMEND ANSWER AND TO FILE EXPANDED
COUNTERCLAIMS, CROSS-CLAIMS, AND THIRD-PARTY CLAIMS

Introduction

Third-Party Defendant, David Stockman ("Stockman"), seeks leave from this Court to file

an amended answer and counterclaims, cross-claims, and third-party claims in this action. Plaintiff,

Wildfire Credit Union ("Wildfire"), objects to the request of Stockman arguing that Stockman's

proposed amendments are too late and are not supported by good cause and therefore futile and

filed in bad faith. The Court denies the request of Stockman to amend the pleadings for the reasons

stated in this Opinion.

1

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334, 157(a) and E.D. Mich. LR 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts). The Court finds that all issues before it emanate from Title 11 of the United States Code, and therefore fall within this Court's jurisdiction.

## Pre-Bankruptcy Events

Wildfire conducts business in the State of Michigan and wanted to develop a customer relationship with Stockman and his various business entities. To that end, Stockman and these entities opened various accounts with Wildfire, including one on behalf of Great Lakes Bay Staffing, Inc. ("Staffing") which acted as an employee leasing company for the various entities controlled by Stockman. One of these accounts was an account in which monies were deposited from various entities controlled by Stockman, and then monies were directed from this account to an entity that cut payroll checks. Magdalena Perez ("Perez") was an employee for various entities of Stockman and, depending upon the entity, was either an officer, director, or originator/incorporator. One of Perez's duties was to review the accounts and then have sufficient money deposited to cover checks issued to pay the employees. This relationship lasted for a short time but ultimately failed because insufficient funds were in the account to clear the payroll checks. As a result of all of the deposits made into the account that were returned and reversed, Wildfire lost $131,255.58.

After some discussions and negotiations, Wildfire elected to file a lawsuit with the Saginaw County Circuit Court against Perez, Stockman, and Staffing. Additional discussions occurred primarily between counsel for Wildfire and counsel for Stockman and Staffing. Perez did not

2

respond to Wildfire's Complaint, so a Default Judgment was entered against her and a Default Judgment was entered against Stockman, Perez, and Staffing.

Stockman argues that his counsel negotiated with Wildfire's counsel to set aside the Default as to Stockman and Staffing and both counsel signed a Stipulation to Set Aside the Default as well as a Default Judgment that was entered on August 1, 2024 against Stockman and Staffing. The Stipulation also stated that the Default Judgment would remain in place as to Perez.

Subsequently, the negotiations between and among Wildfire, Stockman, and Staffing failed such that a Default Judgment continued as to Stockman and Staffing.[1]

Bankruptcy Proceedings

Perez, sensing that Stockman and Staffing would not pay any amount to Wildfire, filed a petition seeking Chapter 7 relief with this Court on August 26, 2024. Wildfire filed this adversary proceeding against Perez on January 24, 2025 seeking to hold the Default Judgment amount excepted from discharge pursuant to 11 U.S.C. § 523(a)(2) and (a)(6).

Perez answered the Complaint on February 18, 2025, and generally denied the allegations and claims that any debt that she owed to Wildfire was excepted from discharge. She raised the defenses of contributory negligence, justification, failure to join necessary or indispensable parties, and assumption of risk. For the most part, the defenses raised by Perez claim that Wildfire improperly handled the various accounts of Stockman, Staffing, and Stockman's related entities and essentially caused much of the monetary damage incurred by them.

---

[1] It is unclear from the record whether the Default Judgment against Stockman and Staffing was ever set aside in the Saginaw County Circuit Court. Regardless, despite numerous efforts by Stockman and Staffing to set aside this Default and Default Judgment, the Default Judgment against Stockman and Staffing remains in place.

Perez also filed a Third-Party Complaint against Stockman and his wife, Jennifer Stockman, alleging that they were the ones responsible for the insufficient deposits into the payroll account and therefore should indemnify Perez or contribute to any amount that she may owe to Wildfire. Perez also claimed that Stockman and Ms. Stockman were unjustly enriched and should pay any amounts that Perez owes to Wildfire.

In turn, Stockman and Ms. Stockman filed an Answer after seeking dismissal of the Third-Party Complaint against them. The Motion to Dismiss filed by Stockman and Ms. Stockman was denied and this case proceeded along normal pretrial routes, including the entry of an Adversary Proceeding Scheduling Order that set various deadlines. One of the deadlines set by incorporation of the parties' Rule 26(f) Report was the deadline to file amended pleadings by January 5, 2026. As part of the pretrial protocol, this Court entered an Order Appointing Mediator on February 25, 2026, and set a deadline that mediation must be completed by April 10, 2026.

On March 30, 2026, Stockman filed the instant Motion for Leave to Amend Answer and to File Expanded Counterclaims, Cross-Claims, and Third-Party Claims. The basis for his Motion included a representation that he uncovered new material evidence that should be considered by the Court. This evidence was a Stipulated Order to Set Aside Default that was executed by Wildfire's counsel and counsel for Stockman and Staffing. Given the potentially serious nature of Stockman's allegations, the Court set a schedule for the filing of pleadings and heard oral argument on May 7, 2026.

Stockman attached a proposed amended pleading that included 15 counts.

I.      Negligence/UCC Violations (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

II. Gross Negligence (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

III. Breach of Business Services Agreement and Breach of Implied Covenant of Good Faith and Fair Dealing (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

IV. Negligent Supervision (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

V. Aiding and Abetting Tortious Conduct (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

VI. Civil Conspiracy (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

VII. Contribution (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

VIII. Declaratory Judgment (28 U.S.C. § 2201 and Fed. R. Bankr. P. 7001(7)) (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

IX. Unjust Enrichment (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

X. Abuse of Process (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

XI. Indemnification (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

XII. Spoliation of Evidence (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

XIII. Promissory and Equitable Estoppel (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

XIV. Violation of Michigan Consumer Protection Act (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

XV. Fraudulent Misrepresentation and Fraudulent Concealment (Against Wildfire Credit Union, Ben Denay, Ken Voelker, and any other Wildfire employee)

All of these counts are directed to Wildfire, Ben Denay, Ken Voelker, and other Wildfire employees and are based on Michigan law, with the exception of Count VIII, which is labeled a declaratory judgment and recites 28 U.S.C. § 2201 and Federal Rule of Bankruptcy Procedure 7001(c) as its basis. This particular count, however, relates back to various claims based on Michigan law and does not make allegations based on any federal substantive statute.

The newly discovered material evidence cited by Stockman is a Stipulated Order in the Saginaw County Circuit Court. That Order states in part:

> This matter having come before the Court by the stipulation of the parties, and the Court being otherwise fully advised in the premises, the parties, by way of the signatures of their respective counsel appearing at the end of this Order, stipulate and agree that the default judgment entered on August 1, 2024 should be set aside as to Defendants, Great Lakes Bay Staffing, Inc. and David Stockman, MD only.
> IT IS ORDERED that the Default Judgment entered on August 1, 2024 is vacated and set aside as to Defendants David Stockman, MD, and Great Lakes Bay Staffing, Inc. only. The Default Judgment shall remain in place against Defendant Magdalena Perez.
> IT IS FURTHER ORDERED that said Defendants shall file responsive pleadings on or before August 20, 2024.
> This is not a final order and does not disposes [sic] of all claims of the parties or close out the case.

Wildfire responded to Stockman's Motion and pointed out that the deadline for leave to amend had passed by many months and that the alleged newly discovered material evidence was neither material or newly discovered. Accordingly, Wildfire argues that leave to amend should not be granted. After hearing oral argument on May 7, 2026, the Court took this matter under advisement.

Generally, leave to amend should be granted. *Miller v. American Heavy Lift Shipping, et al.*, 231 F.3d, 242 (6th Cir. 2000). There are, however, limits to this broad general standard which the Court finds applies in this case.

First, the Court notes that the initial action in this case was a straightforward claim by Wildfire that the Default Judgment amount owed to it by Perez was excepted from discharge under Section 523(a)(2) or (a)(6). Perez's Answer disputes that her actions constitute the requisite behavior or intent required by either one of these statutes and further points out that Wildfire caused its own damages by the method in which it handled the various accounts. This action is complicated by the inclusion by Perez of Stockman and Ms. Stockman as potential parties who would indemnify or contribute to any determination against her if she was required to pay monetary damages. Stockman and Ms. Stockman vehemently deny that that is the case and, like Perez, point to the actions of Wildfire as being the cause of Wildfire's damages and injuries. Taken narrowly, Perez, Stockman, and Ms. Stockman all have the same view of Wildfire's actions, but their requested remedies are much different. Perez only seeks contribution and indemnification in the event that the Default Judgment that she owes is determined to be excepted from discharge; Stockman seeks relief and monetary relief from Wildfire, Mr. Denay, Mr. Voelker, and potentially other employees of Wildfire.

It is the difference in the remedies sought by Perez and Stockman that the Court points to as a reason to not allow the amended pleadings. Perez and Stockman are united as to their view and, therefore, the defense of Perez to any claims by Wildfire, and that should be sufficient for purposes of this adversary proceeding. What Stockman attempts to accomplish with the amended

pleadings is to immerse this Court in proceedings in which it has no jurisdiction in that this Court would be required to adjudicate claims by a non-party debtor against a party that is not in bankruptcy.

Moreover, the new materially discovered evidence claimed by Stockman is neither. First, the Stipulation referenced by Stockman appears to have been well known by all parties prior to the institution of this adversary proceeding. Second, the Stipulation only speaks as to the setting aside of a Default and Default Judgment against Stockman and Staffing. Even if the Stipulation and accompanying Order were newly discovered, that Stipulation and Order did not affect Perez and explicitly stated as much. Instead, it is clear that the Default Judgment against Perez and in favor of Wildfire was not the subject of this Stipulation and therefore does not impact this Court's determination as to whether Perez acted such that Section 523(a)(2) or (a)(6) requires the exception of this debt from her discharge.

Likewise, Wildfire is correct that the explicit deadline to amend pleadings was set as January 5, 2026. This deadline was approximately three weeks after the deadline for Wildfire and Perez to amend pleadings. Stockman's instant Motion was filed almost three months after this deadline and was on the eve of the deadline to complete mediation.

With this record, the Court concludes that Third-Party Defendant David Stockman's Motion for Leave to Amend Answer and to File Expanded Counterclaims, Cross-Claims, and Third-Party Claims is DENIED. The Court will enter an order consistent with this Opinion.

**Signed on May 22, 2026**

 /s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge

9