IN RE:

MAGDALENA PEREZ,
     Debtor.

                           /

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

WILDFIRE CREDIT UNION,
     Plaintiff,

vs.

MAGDALENA PEREZ,
     Defendant/Third-Party Plaintiff,

vs.

DAVID STOCKMAN and JENNIFER STOCKMAN,
     Third-Party Defendants.

                           /

Adv. Proc. No. 25-02007

**THIRD-PARTY DEFENDANT DAVID STOCKMAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND CROSS-MOTION TO COMPEL DEPOSITION OF PLAINTIFF'S CHIEF EXECUTIVE OFFICER BENJAMIN DENAY, PRODUCTION OF DOCUMENTS, AND FOR LEAVE TO CONDUCT ADDITIONAL DISCOVERY REGARDING CREDIBILITY, PATTERN OF CONDUCT, AND FRAUD ON THE COURT**

NOW COMES Third-Party Defendant David Stockman, appearing pro se, and respectfully submits this Opposition to Plaintiff's Motion for Protective Order and Objections to Third-Party Defendant David Stockman's Requests for Admission, Interrogatories, and Requests for Production Submitted to Benjamin Denay, together with this Cross-Motion to Compel the Deposition of Plaintiff's Chief Executive Officer Benjamin Denay, the production of documents, and for leave to conduct additional discovery, pursuant to Federal Rule of Bankruptcy Procedure 7026 and Federal Rules of Civil Procedure 26(b)(1), 26(c), 30(b)(6), 34, and 37, and states as follows:

## I. INTRODUCTION

Plaintiff Wildfire Credit Union has moved for a protective order to prevent its Chief Executive Officer, Benjamin Denay, from responding to discovery. Plaintiff's position is untenable. Plaintiff itself has injected into the pleadings and discovery the entire business history of Third-Party Defendant Stockman and multiple entities with which he is or was affiliated, the vast majority of which have no direct connection to the Great Lakes Bay Staffing account at issue. Having opened that door, Plaintiff cannot now shield its own chief executive—who was the senior decision-maker at the credit union during the relevant period—from examination on closely analogous issues, including his prior service as Chief Financial Officer of Garber Management Group and his direct role in signing off on and making official the Paycheck Protection Program loan application submitted to the United States government.

Moreover, the discovery is essential to Third-Party Defendant's defense of the dischargeability claims. The underlying debt arises from a default judgment that Third-Party Defendant maintains was procured and perpetuated through fraud on the court, including irregularities surrounding a written stipulation to set aside the default that was executed by counsel but never filed. To defend against nondischargeability under 11 U.S.C. §§ 523(a)(2) and (a)(6), Third-Party Defendant is entitled to discover the knowledge, involvement, and decision-making of Plaintiff's senior officers, including Mr. Denay. If Mr. Denay is not the appropriate witness, Plaintiff must immediately designate and produce a suitable alternative corporate representative with equivalent knowledge.

## II. RELEVANCE OF PLAINTIFF'S CEO AND THE GARBER MATTER

Plaintiff's Complaint to Determine Dischargeability of Debt extensively details Third-Party Defendant Stockman's business history, including the establishment and operation of Michigan Skin Clinic, Michigan Health Clinic, P.C., Michigan Institute of Forensic Science, and other entities, as well as Mr. Stockman's role in payroll, human resources, and management across these ventures. See Complaint ¶¶ 5–15, 40–43. Much of this history has no direct relation to the specific Wildfire Credit Union account or the August 2023 transactions. Plaintiff cannot credibly claim that its own CEO's prior service as Chief Financial Officer of Garber Management Group—including his direct role in signing off on and making official the Paycheck Protection Program loan application submitted to the United States Small Business Administration—is irrelevant or unduly prejudicial.

On February 20, 2026, the United States Attorney's Office for the Eastern District of Michigan announced that Garber Management Group, Inc. agreed to pay $1,513,281 to settle allegations that it violated the False Claims Act by making false statements to the Small Business Administration to obtain a PPP loan for which it was ineligible under employee-count aggregation rules. Mr. Denay served as Chief Financial Officer of Garber Management Group and was the individual who signed off on and made official the payroll loan application to the United States government. He is now Plaintiff's Chief Executive Officer. This history is directly probative of Mr. Denay's credibility as Plaintiff's principal decision-maker and of Plaintiff's institutional knowledge and practices concerning false financial certifications and the detection of fraudulent account activity—issues that lie at the heart of Plaintiff's "actual fraud" and "willful and malicious injury" claims.

Plaintiff having chosen to litigate by reference to Mr. Stockman's entire business history, fundamental fairness requires that Third-Party Defendant be permitted to examine Plaintiff's CEO on his own analogous history. See Fed. R. Civ. P. 26(b)(1) (discovery may be obtained regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case).

## III. THE DISCOVERY IS NECESSARY TO DEFEND AGAINST DISCHARGEABILITY AND TO ADDRESS FRAUD ON THE COURT

The debt at issue originates from a state-court default judgment. Third-Party Defendant maintains that the judgment was irregularly obtained and perpetuated through fraud on the court, including the failure to file a fully executed written stipulation by counsel to set aside the default pursuant to MCR 2.507(G). In defending against nondischargeability, Third-Party Defendant is entitled to discover whether Plaintiff or its senior officers had knowledge of the stipulation, participated in or acquiesced in the entry or maintenance of the default despite the stipulation, or otherwise engaged in conduct that undermines the enforceability or dischargeability of the debt.

Mr. Denay, as Plaintiff's Chief Executive Officer during the relevant period, is the individual most likely to possess (or to have ratified) knowledge regarding Plaintiff's account-opening decisions, ongoing monitoring of the Great Lakes Bay Staffing account, authorization of wire transfers, pursuit of the state-court litigation, and the decision to commence and prosecute this adversary proceeding. Blanket refusal to produce him (or a suitable alternative) prevents Third-Party Defendant from developing these defenses. See 11 U.S.C. § 523(a) (creditor bears the burden of proof); Fed. R. Bankr. P. 4005.

If Plaintiff contends that Mr. Denay lacks sufficient personal knowledge, it must immediately identify and produce for deposition the specific individual or individuals who served as the decision-maker(s) with respect to the account in August 2023, the litigation strategy, and the prosecution of this adversary proceeding. A protective order that leaves Third-Party Defendant without access to any witness with actual decision-making authority would violate the broad discovery mandate of Rule 26(b)(1) and effectively immunize Plaintiff from legitimate inquiry.

## IV. PLAINTIFF HAS NOT DEMONSTRATED GOOD CAUSE FOR A PROTECTIVE ORDER

Plaintiff's motion rests on conclusory assertions of burden and irrelevance. It has identified no specific harm that would result from Mr. Denay's deposition, nor has it demonstrated that less burdensome alternatives exist. The individuals in Plaintiff's collections department do not possess the requisite knowledge of high-level account decisions, litigation strategy, or corporate practices. Plaintiff's refusal to produce its CEO or a proper Rule 30(b)(6) designee with equivalent knowledge is sanctionable. See Fed. R. Civ. P. 37(d).

No party seeks to embarrass or harass. Third-Party Defendant has not released any information to the media. Plaintiff, by contrast, has engaged in public disclosures concerning these matters. The protective order appears calculated to prevent legitimate discovery rather than to prevent oppression.

## V. CONCLUSION AND PRAYER FOR RELIEF

Plaintiff opened the door to inquiry into business history and decision-making by injecting Mr. Stockman's entire commercial background into the litigation. It cannot now close that door to its

own CEO's analogous history and knowledge. The requested discovery is essential to Third-Party Defendant's defense of the dischargeability claims and to exploration of the fraud-on-the-court issues surrounding the underlying default judgment. If Mr. Denay is not the appropriate witness, Plaintiff must designate a suitable alternative forthwith.

WHEREFORE, Third-Party Defendant David Stockman respectfully requests that this Court enter an order:

A. Denying Plaintiff's Motion for Protective Order in its entirety; B. Granting the Cross-Motion to Compel and ordering Plaintiff to produce Benjamin Denay for deposition within fourteen (14) days of the order, or, in the alternative, to immediately designate and produce for deposition on an expedited basis the individual or individuals with actual decision-making authority over the Great Lakes Bay Staffing account, the state-court litigation, and this adversary proceeding; C. Ordering Plaintiff to produce all documents in its possession, custody, or control relating to Benjamin Denay's prior employment as Chief Financial Officer of Garber Management Group, his role in signing off on the May 2020 PPP loan application, the February 20, 2026 False Claims Act settlement, and any internal consideration of the same by Plaintiff or Mr. Denay; D. Granting leave to conduct additional targeted discovery regarding the procurement and circumstances of the default judgment, any fraud on the court, Plaintiff's knowledge thereof, and the credibility and pattern issues identified herein; E. Awarding Third-Party Defendant his reasonable costs and attorney fees incurred in connection with this motion pursuant to Fed. R. Civ. P. 37(a)(5) and (d); and F. Granting such other and further relief as the Court deems just and proper, including an adverse inference or other sanctions should Plaintiff fail to produce a witness with actual knowledge.

Respectfully submitted,

Dated: May 26, 2026

/s/ David Stockman
David Stockman, Third-Party Defendant, Pro Se
3871 Fortune Blvd. Saginaw, MI 48603
Telephone: 989.341.3017
Email: dstockma4@icloud.com

IN RE:

|  |  |
|---|---|
| | Case No. 24-21078-dob |
| MAGDALENA PEREZ, | Honorable Daniel S. Opperman |
| Debtor. | Chapter 7 |

_____/

|  |  |
|---|---|
| WILDFIRE CREDIT UNION, | Adv. Proc. No. 25-02007 |
| Plaintiff, | |

vs.

MAGDALENA PEREZ,
        Defendant/Third-Party Plaintiff,

vs.

DAVID STOCKMAN and JENNIFER STOCKMAN,
        Third-Party Defendants.

_____/

**CERTIFICATE OF SERVICE**

I, David Stockman, hereby certify under penalty of perjury that on May 26, 2026, a true and correct copy of the foregoing Opposition to Plaintiff's Motion for Protective Order and Cross-Motion and this Certificate of Service was served upon the following parties via CM/ECF:

• Matthew L. Frey, Esq. (via email: mfrey@matthewfreylaw.com and mail to: 4901 Towne Centre Road, Suite 235, Saginaw, MI 48604)

• Karl L. Wenzloff, Esq. (via email: kwenzloff@sbcglobal.net and mail to: 903 North Jackson Street, Bay City, MI 48708)

• Jennifer Stockman (via hand delivered to: 5775 McCarty Road, Saginaw, MI 48603)

This document will be filed with the Court via CM/ECF if pro se access is available, or via mail to the Clerk pursuant to Local Bankruptcy Rule 5005-1.

Dated: May 26, 2026

/s/ David Stockman
David Stockman, Third-Party Defendant, Pro Se
3871 Fortune Blvd. Saginaw, MI 48603
Telephone: 989.341.3017
Email: dstockma4@icloud.com