IN RE:
MAGDALENA PEREZ,

    Debtor.

_____ /

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

WILDFIRE CREDIT UNION,
    Plaintiff,

Adv. Proc. No. 25-02007-dob

vs.

MAGDALENA PEREZ,
    Defendant.

_____ /

MAGDALENA PEREZ
    Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
    Third-Party Defendants

_____ /

## PLAINTIFF'S RESPONSE TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION, TO DEEM CERTAIN REQUESTS ADMITTED, AND FOR SANCTIONS

NOW COMES, Plaintiff, WILDFIRE CREDIT UNION, by and through its attorneys, Wenzloff & Fireman P.C., by Karl L. Wenzloff, and in response to the Third Party Defendant's Motion to Compel Further Responses to Requests for Admission, to Deem Certain Requests Admitted, and for Sanctions states that the motion should be

denied in it entirety because the Plaintiff's responses and objections to the Requests for Admission were proper, timely, and legally sufficient under Federal Rule 36. In support of this response, Plaintiff relies on the attached brief.

WHEREFORE, Wildfire Credit Union respectfully requests that the Court deny the Third-Party Defendant's Motion in its entirety and deem the Plaintiff's Responses sufficient.

Date: _6/9/26_  

Karl L. Wenzloff (P71939), Attorney for Plaintiff
903 N. Jackson, Bay City, MI 48708
Tel (989) 893-9511 • Fax (989) 893-6988
wenzloffbankruptcy@sbcglobal.net

DRAFTED BY WENZLOFF & FIREMAN P.C.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

IN RE:
MAGDALENA PEREZ,

   Debtor.

_____/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

WILDFIRE CREDIT UNION,
  Plaintiff,

Adv. Proc. No. 25-02007-dob

vs.

MAGDALENA PEREZ,
  Defendant.

_____/

MAGDALENA PEREZ
  Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
  Third-Party Defendants

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S RESPONSE TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION, TO DEEM CERTAIN REQUESTS ADMITTED, AND FOR SANCTIONS

Introduction

  On April 13, 2026, Third-Party Defendant, David Stockman, served upon Plaintiff, Wildfire Credit Union, a set of Requests for Admissions. The Credit

Union timely filed and served its responses to these Requests on May 12, 2026. Although Plaintiff's Response included specific objections to 13 of the 19 Requests, Plaintiff did not rest solely on its objections but also specifically denied each of the requests. Subsequent to receiving a copy of the Response, the Third-Party Defendant made no efforts to confer with the Plaintiff concerning these responses, other than a brief email that read, "This is garbage Karl. Do you want to take another stab at it?" See attached Exhibit A. The email did not otherwise identify the Defendant's specific concerns or objections.

On May 26, 2026, Third-Party Defendant filed this Motion to Compel[1]. Dr. Stockman's motion argues that Plaintiff's objections were inapplicable and that Plaintiff's answers to the requests are evasive and non-responsive. The Motion mischaracterizes both the nature of the Requests and the Credit Union's responses. Many of the requests are concerned with facts or law beyond the scope of this litigation, and an objection to the relevancy of such requests is legitimate and proper. Furthermore, admissions are not properly discovery tools; they are intended solely to narrow the focus of litigation by helping the parties determine and clarify the areas of dispute and agreement. See *Misco v. U.S. Steel Corp.*, 784 F2d. 198, 206 (6th Cir. 1986). Extensive answers or explanations are not required by Rule 36, and the Credit Union sufficiently supported each of its denials with a statement as to why the admission was being denied (mostly because the proposed admission was false).

Legal Standard

---

[1] Dr. Stockman labels his motion a "Motion to Compel" under Rule 37. Technically, the motion should have been brought as a Motion to Determine the the Sufficiency of an Answer or Objection under Rul3 36.

Federal Rule of Civil Procedure 36(a)(4), made applicable by Federal Rule of Bankruptcy Procedure 7036, provides that "if a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it". A denial must fairly respond to the substance of the matter.

The purpose of Rule 36 is to narrow issues for trial by eliminating matters that are not genuinely disputed. Requests for Admission are not intended to function as interrogatories, contention interrogatories, or deposition substitutes.

> "Rule 36 'is essentially intended to facilitate proof at trials by obviating the need to adduce testimony or documents as to matters that are really not in controversy.' *Id*. Importantly, "[r]equests for admissions are not a general discovery device." *Misco v. U.S. Steel Corp.*, 784 F2d. 198, 205 (6th Cir. 1986) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure § 2253, at 706 & n. 23 (1970)). See also *O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996) (requests for admissions are "not a discovery device at all"), *Workman v. Chinchinian*, 807 F. Supp. 634, 648 (E.D. Wash. 1992) (requests to admit should not be used as a discovery tool, but only to eliminate issues at trial)."

*Ranke v. Federspiel* (E.D. Mich 2024; Case No. 2:23-cv-11300.). Requests for admission should be "simple, direct, and limited to singular relevant facts. They should not be used to discover facts, but should be directed to those facts in issue that are not substantially controverted". *Id.*

Argument

The Credit Union's objections (especially the objections concerning relevancy) are well founded and appropriate. Rule 36(a)(1) says a "party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters *within the scope of Rule 26(b)(1)*". Italics

added. Rule 26(b)(1), in turn, sets the scope of discovery as "any nonprivileged matter that is relevant to any party's claim or defense". Thus, matters that are not relevant to the underlying matter are not proper subjects of a request for admission.

Here, the Credit Union objected to several of Dr. Stockman's requests on grounds that they addressed only matters unconcerned with the present litigation. As has been stated elsewhere, this is a straight-forward case that concerns only whether a negative checking account became negative through fraud. The case only concerns questions of the Defendant and Third-Party Defendant's knowledge and intentions at the time the account became negative in 2023.

Dr. Stockman, in contrast, sent multiple requests for admission (Nos. 8, 9, 10, 11, 13, 14, 15, 16, 17, and 19) concerning either the Credit Union's decision to file a lawsuit against him in state court or the procurement of a default judgment in that same state court action. While they might be interesting to Dr. Stockman, these questions are not relevant to the underlying case. The Credit Union is not seeking to enforce the default judgment against him in this Bankruptcy case. The Credit Union is only seeking to have the account balance determined nondischargeable in Magdalena Perez's bankruptcy. Nor is Dr. Stockman's assertion that a judgment should not have entered against him a proper or legitimate defense to the Credit Union's claim that the account balance is nondischargeable. As has been argued elsewhere, the Credit Union's claim against Ms. Perez is not dependent upon the existence of a state court judgment. Consequently, requests that the Credit Union admit such assertions as that it should have arbitrated this case or that the Credit Union "used the state court process for the improper collateral purpose of circumventing arbitration" are simply not relevant to the present case. They do not address any fact that would make a claim

or defense in this nondischargeability action more or less probable. The objections to the relevancy of these admissions are thus appropriate and should be sustained[2].

Even if the objections were to be overruled or determined inapplicable in this case, the Credit Union specifically answered each of the Requests for Admission anyway. For each denial, the Credit Union clearly identified why such admission was being denied, typically because the admission being sought was false or untrue. Where necessary, the Credit Union often included additional information in support of its denial.

Dr. Stockman repeatedly argues that the Credit Union should have identified witnesses, cited specific contract provisions, disclosed legal theories, and explained the evidentiary basis for the Credit Union's denials. Rule 36 imposes no such obligation. Dr. Stockman cites no law or case supporting his contention that a statement that the request is untrue is insufficient. The Rule requires only that a denial fairly respond to the substance of the matter. As stated above, a request for admission is not a discovery tool, and a Request for Admission is not an interrogatory or request for production.

Dr. Stockman only identifies three particular answers in his motion as being evasive or non-responsive. He complains that Request No. 1 does not address whether any Credit Union employee had knowledge of or took action regarding overdraft conditions. The Request was not directed at a single factual proposition. Instead, it asked the Credit Union to admit that several specifically named individuals, "or any other Employee," personally reviewed, approved, or ratified certain conduct, while also incorporating undefined terms concerning "overdraft territory" and "uncollected funds." To the extent that he was asking if someone

---

[2] The Credit Union also objected to Requests No. 1 and 13 for reason that the Requests were unclear and confusing. The Credit Union would seek to have these objections sustained, as well.

approved the withdrawals when the account was already negative, no such approval was needed because the withdrawals were never made when the account was showing a negative balance. The negative balance was incurred later, after the previously deposited checks bounce.

Dr. Stockman complains that the Credit Union's response to Request No. 7 does not identify the specific provision in the Business Service Agreement that imposes liability on him or Ms. Perez. Although Rule 36 does not require Plaintiff to identify specific contractual provisions in support of its denial, Plaintiff notes for purposes of clarification that the provisions upon which it relies are Business Service Agreement Part 2, Paragraphs 6(k)(Insufficient Funds to Pay Checks and Other Items"); 1(e)("You and Us Defined); and 20 ("Your Obligations to Us").

Lastly, he complains that the Credit Union's response to Request No. 10 is insufficient because it did not specifically address which part of his Request was untrue. As the U.S. District Court in the Eastern District of Michigan has written, "Requests for admission should be "simple, direct, and limited to singular relevant facts." *Ranke v. Federspiel* (E.D. Mich 2024; Case No. 2:23-cv-11300.). Many of Dr. Stockman's requests (including this one) were not simple, direct, or limited to a singular relevant fact. He repeatedly utilized compound admissions with multiple factual assertions and undefined and unclear terms. This makes it difficult for a party to answer the requests because it is not always clear to what they are admitting. Here, the Credit Union denied the admission because it was untrue – there was not an agreement to set aside the whole judgment but only as to Dr. Stockman and Great Lakes Bay Staffing, and the Credit Union did not refuse to honor the agreement; its counsel signed a stipulation allowing a conditional setting aside of the judgment. Nor did it refuse to file the stipulation – no one asked them

to file it and it is typically the drafter's duty to file a stipulation. Because several factual assertions embedded within the Request were inaccurate, Plaintiff denied the Request.

Lastly, even assuming that any response could have been more detailed, the remedies sought by Dr. Stockman are wholly inappropriate. The Credit Union timely served responses to each and every Request for Admission. This is not a case where a party ignored discovery, refused to respond, or failed to participate in the process. A party's dissatisfaction with an answer is not equivalent to a failure to answer. Such a disagreement does not justify deeming matters admitted or imposing sanctions. Where responses have been timely served, courts generally order supplementation, if necessary, rather than impose the drastic remedies requested by Dr. Stockman.

Sanctions are additionally unavailable because the Third-Party Defendant failed to make any good faith effort to confer with Plaintiff before filing this motion. Rule 37(a)(5)(A) states, "…[t]he court must not order this payment [of the movant's reasonable expenses] if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action". Here, Dr. Stockman's only contact with Mr. Wenzloff concerning the Credit Union's responses to his Requests for Admission was an email that that read, "This is garbage Karl. Do you want to take another stab at it?" The email did not identify any allegedly deficient response, did not explain why any answer was improper, and did not request supplementation of any specific Request for Admission. The Credit Union was never afforded a meaningful opportunity to address Defendant's concerns prior to the filing of this Motion. Consequently, in

the event this Court grants or partially grants the Third-Party Defendant's motion, Dr. Stockman's request for sanctions should be denied.

Conclusion

The Credit Union timely answered each Request for Admission and provided responses that fairly addressed the substance of the matters presented. Dr. Stockman's motion improperly attempts to convert Requests for Admission into interrogatories and seeks relief far beyond that authorized by Rule 36. Accordingly, the Credit Union respectfully requests that the Court deny Dr. Stockman's Motion in its entirety and award such other and further relief as the Court deems just and proper.

Date: 6/9/26

Karl L. Wenzloff (P71939), Attorney for Plaintiff
903 N. Jackson, Bay City, MI 48708
Tel (989) 893-9511 • Fax (989) 893-6988
wenzloffbankruptcy@sbcglobal.net

DRAFTED BY WENZLOFF & FIREMAN P.C.

 
## Answers to Requests for Admission

2 messages

**Karl Wenzloff** <karl@wenzlofflaw.com>                                    Tue, May 12, 2026 at 5:27 PM
To: David Stockman <dstockma4@icloud.com>

Here are Wildfire's Answers to the Requests for Admissions.

Karl Wenzloff

--
Karl L. Wenzloff
Wenzloff & Fireman, P.C.
903 North Jackson, Bay City, MI 48708
989-893-9511

*This email is confidential and is intended solely for the use of the person identified and intended as the recipient. If you are not the intended recipient, any disclosure, copying, distribution, or taking of any action in reliance on the contents is prohibited. If you receive this message in error, please contact the sender immediately.*

📄 **Perez, Magdalena (efiled answers to request for admission).pdf**
447K

---

**David Stockman** <dstockma4@icloud.com>                                    Tue, May 12, 2026 at 5:44 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>, "mfrey matthewfreylaw.com" <mfrey@matthewfreylaw.com>

This is garbage Karl. Do you want to take another stab at it?
[Quoted text hidden]

📄 **Perez, Magdalena (efiled answers to request for admission).pdf**
447K

IN RE:
MAGDALENA PEREZ,

     Debtor.

_____/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

WILDFIRE CREDIT UNION,
     Plaintiff,

Adv. Proc. No. 25-02007-dob

vs.

MAGDALENA PEREZ,
     Defendant.

_____/

MAGDALENA PEREZ
     Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
     Third-Party Defendants

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on the date set out below I served a copy of the following document(s) upon each of the parties listed below.

     ***PLAINTIFF'S RESPONSE TO THIRD-PARTY DEFENDANT'S MOTION TO COMPEL FURTHER RESPONSES TO REQUESTS FOR ADMISSION, TO DEEM CERTAIN RESPONSES ADMITTED, AND FOR SANCTIONS***
          ***BRIEF IN SUPPORT***
          ***EXHIBITS A - Email***
          ***CERTIFICATE OF SERVICE***

Served electronically via the Court's ECF system:

Matthew Lee Frey:        mfrey@matthewfreylaw.com
Scott Kwiatkowski:       scott@bk-lawyer.net

A copy was emailed to David Stockman at dstockma4@icloud.com.

Served via United States Postal Service with the proper amount of postage affixed thereon:

David Stockman
3871 Fortune Blvd.
Saginaw, MI 48603


Date:    6/9/2026                   /s/ Karl L. Wenzloff
                                         Karl L. Wenzloff (P71939), Attorney for Plaintiff
                                         903 N. Jackson, Bay City, MI 48708
                                         (989) 893-9511
                                         wenzloffbankruptcy@sbcglobal.net