IN RE:
MAGDALENA PEREZ,

     Debtor.

_____/

WILDFIRE CREDIT UNION,
     Plaintiff,

vs.

MAGDALENA PEREZ,
     Defendant.

_____/

MAGDALENA PEREZ
     Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
     Third-Party Defendants

_____/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

Adv. Proc. No. 25-02007-dob

## **PLAINTIFF'S RESPONSE TO THIRD-PARTY DEFENDANT DAVID STOCKMAN'S STATUS REPORT AND REQUEST FOR COURT GUIDANCE ON DISCOVERY DEFICIENCIES, DEPOSITIONS, AND PENDING MOTION TO COMPEL**

NOW COMES, Plaintiff, WILDFIRE CREDIT UNION, by and through its attorneys, Wenzloff & Fireman P.C., by Karl L. Wenzloff, and in response to the Third Party Defendant's Status Report and Request for Court Guidance on Discovery

Deficiencies, Depositions, and Pending Motion to Compel in Advance of June 18, 2026 Status Conference states as follows:

1.      That on May 29, 2026, the Third-Party Defendant, David Stockman, filed this Status Report and Request for Guidance asking the Court to rule on his pending motion to compel; for an order requiring Wildfire Credit Union to designate one or more witnesses to be deposed, specifically including Ben Denay and Ken Voelker; and for sanctions against Wildfire Credit Union for "discovery misconduct" and "bad-faith conduct".

2.      That this request is duplicative, frivolous, and wasteful of judicial and party resources.

3.      That the request that the Court rule on his motion to compel was unnecessary and duplicative; the motion to compel had been filed on May 26, 2026, only three days earlier and the period for Wildfire Credit Union to respond had not yet run.

4.      That to the extent this Request was intended to be a supplement to the Motion to Compel, the Credit Union incorporates its Response to the Motion to the Compel as part of its response to this Request.

5.      That the Third-Party Defendant's request for the Credit Union to designate one or more witnesses (including Ben Denay and Ken Voelker) to be deposed by him is equally duplicative and frivolous, as the Court had already ruled on a prior, identical motion.

6.      That on March 12, 2026, the Third-Party Defendant filed a motion to compel the deposition of Wildfire Credit Union. That motion made the same request as the current one that the Credit Union designate one or more witness to be deposed by Dr. Stockman and that the proposed witnesses include Ben Denay and Ken Voelker.

7.      That the Credit Union responded to this motion on March 25, 2026 and a hearing was held on the motion on May 7, 2026.

8.      That at the May 7, 2026 hearing, this Court ordered the Credit Union to make available four specific persons to be deposed: John Harkin, Anne Ray, Lindsay LaPierre, and Tracy Kaufman. The Court explicitly excluded Ken Voelker and Ben Denay from the list of deposable individuals. See Order, Dkt #164.

9.      That the day after this hearing, Mr. Wenzloff contacted the other parties giving them some dates and times that Ms. LaPierre and Ms. Kaufman were available to be deposed. See attached email from May 8, 2026.

10.     Mr. Frey wrote back indicating a preference for May 28, 2026, one of the dates identified by Mr. Wenzloff. See attached email from May 8.

11.     On Monday, May 11, Mr. Wenzloff wrote, "If Dr. Stockman is amenable, we can set Tracy's and Lindsay's depositions for the 28th. If Magdalena is available for that date, we could also schedule her deposition for the same day. I haven't heard from my client about John or Anne, yet. I'll follow up with the Credit Union again to see if those two are also available on the 28th. If not, we could also set their depositions for another day. I'll also probably have to check with a court reporter. Dr. Stockman, what date works best for your deposition?" See attached email.

12.     The Third-Party Defendant did not confirm whether this date worked for him. Instead, he wrote, "Karl, I want to depose who the decision maker was/is who agreed to the default? Are you going to give me a name or are you going to make me work for it. I also need to know your date of deposition." See attached email dated May 11, 2026.

13.     Mr. Wenzloff responded, "My understanding from last Thursday's hearing was that the Court allowed you to depose four individuals at this time: Tracy Kaufman, Lindsay LaPierre, Anne Raye, and John Harkin. The Court explicitly excluded me from the list of possible deponents. I was trying to set a mutually convenient time for these persons' depositions. Do you still want to depose them? If so, what dates or times work for you? Please let me know. Thank you." See attached email dated May 12, 2026.

14.     Later on May 12, Mr. Wenzloff sent another email to the parties stating, "I've now heard from all four persons from Wildfire that the court ordered could be deposed. All four persons (John, Ann, Tracy, and Lindsay) are available on May 28, 2026. John is only available in the morning, but everyone else is available throughout the day.
        If you want to depose these individuals, please confirm that this date works for you. I can stipulate to a deposition or you can send notice. I can also get you the name and number for a court reporter, or, if you'd like, I can talk to one myself to make sure one is available that day. Lastly, I think we had discussed using the bankruptcy court as the location for the depositions, but let me know if you have another place you'd prefer." See attached email dated May 12.

15.     Mr. Frey responded that he was available that day. Dr. Stockman never responded.

16.     After over a week without a response from Dr. Stockman, Mr. Frey wrote on May 20, 2026, "Am I blocking off the 28th for the depositions as discussed on the record? I'm a little confused. I thought we were starting with a handful along with Ms. Perez, but I need to know so I can make her available." See attached email dated May 20, 2026.

17.     Mr. Wenzloff responded, "As I've mentioned in prior emails, John, Tracy, Lindsay, and Ann from Wildfire are all available for deposition on the 28th. It sounds like Magdalena is available that date, as well. Unfortunately, I haven't heard from Dr. Stockman about whether that date works for him.

Dr. Stockman - could you please confirm that you want to conduct the depositions of these four employees and Ms. Perez on May 28? If that doesn't work for you, we need to know right away. I had also asked if you needed assistance setting up the court reporter; I'm still able to help, but you need to let me know right away. I can provide you with court reporters' names and contact information. Lastly, please confirm that the Bankruptcy Courthouse is your desired location for the depositions. You'll likely need to speak to the court promptly to ensure that the building is available and reserve the space.

In order to set everyone's schedule, I need confirmation by the end of business tomorrow, May 21, that we are going forward with the depositions on the 28th. If I don't hear from you by then, I will assume we are not proceeding with the depositions. I'm not going to have my clients take time off work and show up next week for a deposition without sufficient prior confirmation of the date, time, and location." See attached email from May 20, 2026.

18.     The Third-Party Defendant never responded to this email, and the depositions did not take place on May 28.

19.     Thus, despite being offered the opportunity to depose every witness this Court authorized him to examine, Dr. Stockman elected not to proceed with any of those depositions.

20.     Furthermore, Mr. Wenzloff requested dates and times for Dr. Stockman to make himself available to be deposed, but Dr. Stockman has failed to provide such dates and times. See May 8, 2026 email.

21.     In short, the Credit Union has complied with this Court's Order concerning depositions in this case by making the designated persons available to be deposed, but Dr. Stockman has failed to coordinate or communicate to allow such depositions to proceed.

22.     Instead, Dr. Stockman effectively re-filed his prior request to depose Ben Denay and Ken Voelker despite the Court having already rejected this request only a few weeks earlier.

23.     By refusing to depose the Credit Union's designated representatives (along with two individuals Dr. Stockman himself requested to depose), the Third-Party Defendant is

not demonstrating a good-faith effort to conduct discovery or obtain information relevant to his defense against Ms. Perez's claims.

24. His efforts are instead focused on procuring a deposition of the Credit Union's CEO, Ben Denay, who has nothing to do with the matters at issue.

25. Indeed, Mr. Denay was neither the CEO nor even an employee of the Credit Union at the time the checking account became negative. He would have no direct information about what policies or procedures the Credit Union followed in allowing the deposits and withdrawals that lead to the negative account.

26. Furthermore, Mr. Denay has not been intimately involved in the collection of this negative account. He has not made decisions concerning whether or how this litigation proceeds. That is not part of his job.

27. Similarly, as a Board member, Mr. Voelker had no role in managing the negative account or determining whether withdrawals or deposits should be allowed or denied. He has also had no role in determining what litigation tactics could or should be used in the case against Dr. Stockman and Ms. Perez.

28. In short, neither Mr. Denay nor Mr. Voelker would be useful or productive deponents for Dr. Stockman.

29. The Third-Party Defendant's continued efforts to obtain their depositions, even after this Court denied his request to do so, suggest that he is pursuing discovery for purposes other than developing evidence relevant to his defense. Instead, the circumstances indicate an effort to harass and embarrass these individuals rather than to obtain information bearing on the claims and defenses at issue in this case.

30. In contrast, the persons designated by Wildfire Credit Union (Lindsay LaPierre and Tracy Kaufman) have been the point-persons on the collection of this account from the beginning.

31. Rather than being "unqualified" "low-level" employees, Ms. Kaufman is the Chief Lending Officer and Ms. LaPierre is the Collections Manager. They are knowledgeable about the circumstances giving rise to the negative account and are directly knowledgeable about the collection efforts of the Credit Union.

32. That because the Credit Union and the Court have already designated persons to be deposed on the Credit Union's behalf under Rule 30, and because his request to

depose Mr. Denay and Mr. Voelker has already been denied, Wildfire Credit Union requests this Court to deny his current request.

33. The Third-Party Defendant's request for sanctions should likewise be denied. As set forth above, the Credit Union has cooperated in discovery, identified appropriate witnesses for deposition, and repeatedly attempted to coordinate deposition dates. It was the Third-Party Defendant who failed to confirm, schedule, or proceed with the depositions authorized by the Court.

34. Moreover, the filing of a duplicative request seeking relief that this Court had already denied, while simultaneously failing to pursue the discovery previously authorized by the Court, has unnecessarily increased the costs of this litigation and wasted both judicial and party resources. Accordingly, Wildfire Credit Union respectfully requests that the Court award it its reasonable attorney fees and costs incurred in responding to this request and grant such other relief as the Court deems just and appropriate.

WHEREFORE, Wildfire Credit Union respectfully requests that the Court deny the Third-Party Defendant's Request for Court Guidance in its entirety, and to award the Credit Union its reasonable attorney fees and costs incurred in responding to this request and grant such other relief as the Court deems appropriate.

Date: 6/12/26

Karl L. Wenzloff (P71939), Attorney for Plaintiff
903 N. Jackson, Bay City, MI 48708
Tel (989) 893-9511 • Fax (989) 893-6988
wenzloffbankruptcy@sbcglobal.net

DRAFTED BY WENZLOFF & FIREMAN P.C.



## Deposition Dates
5 messages

**Karl Wenzloff** <karl@wenzlofflaw.com>                    Fri, May 8, 2026 at 4:46 PM
To: Matt Frey <mfrey@matthewfreylaw.com>, David Stockman <dstockma4@icloud.com>

I've spoken with Lindsay LaPierre at Wildfire. She and Tracy Kaufman are available to be deposed on May 28 or 29 or on June 2 or June 5. Any reasonable time works for them on those days. She is checking with John and Anne to see if those dates work for them, as well. I should have an answer on that by Monday.

Assuming that John and Anne are available, do those days work for you?

We also need to schedule depositions for Magdalena Perez and David Stockman. What days and times work for those depositions? Obviously, we don't have to schedule those on the same day as the Wildfire depositions. Let me know. Thanks.

Also, I should have the proposed order on depositions available for your review by Monday.

Karl Wenzloff

--
Karl L. Wenzloff
Wenzloff & Fireman, P.C.
903 North Jackson, Bay City, MI 48708
989-893-9511

*This email is confidential and is intended solely for the use of the person identified and intended as the recipient. If you are not the intended recipient, any disclosure, copying, distribution, or taking of any action in reliance on the contents is prohibited. If you receive this message in error, please contact the sender immediately.*

**mfrey matthewfreylaw.com** <mfrey@matthewfreylaw.com>                    Fri, May 8, 2026 at 7:58 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>, David Stockman <dstockma4@icloud.com>

Ms. Perez is available Mondays or Thursday I believe of any week. I am not available at the moment June 1-15[th] due to Federal Jury service in Flint. The 28th I believe is a Thursday. I will double check to make sure her previously stated availability is the same.

Dr. Stockman, if you would be so kind, please add Jennifer Stockman to the emails so we are assured she is aware of what is being discussed.

Matthew L. Frey, J.D., LL.M.

Attorney at Law

4901 Towne Centre Road, Suite 235

Saginaw, MI 48604

Ph: 989-297-1560

Fax: 989-393-5962

office: 989-799-2227

mfrey@matthewfreylaw.com

Also available for all appointments or communications via Zoom, Phone, or In-person

An Act of Congress requires me to indicate that pursuant to the United States Bankruptcy Code, I am a debt relief agency. I help people file for bankruptcy relief under the Bankruptcy Code, among other legal services I provide.

[Quoted text hidden]

---

**Karl Wenzloff** <karl@wenzlofflaw.com>                                      Mon, May 11, 2026 at 3:37 PM
To: "mfrey matthewfreylaw.com" <mfrey@matthewfreylaw.com>, David Stockman <dstockma4@icloud.com>

If Dr. Stockman is amenable, we can set Tracy's and Lindsay's depositions for the 28th. If Magdalena is available for that date, we could also schedule her deposition for the same day. I haven't heard from my client about John or Anne, yet. I'll follow up with the Credit Union again to see if those two are also available on the 28th. If not, we could also set their depositions for another day. I'll also probably have to check with a court reporter. Dr. Stockman, what date works best for your deposition?

Karl Wenzloff

[Quoted text hidden]

---

**David Stockman** <dstockma4@icloud.com>                                      Mon, May 11, 2026 at 3:47 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>
Cc: "mfrey matthewfreylaw.com" <mfrey@matthewfreylaw.com>

Karl, I want to depose who the decision maker was/is who agreed to the default? Are you going to give me a name or are you going to make me work for it. I also need to know your date of deposition.
[Quoted text hidden]

---

**Karl Wenzloff** <karl@wenzlofflaw.com>                                      Tue, May 12, 2026 at 8:22 AM
To: David Stockman <dstockma4@icloud.com>, Matt Frey <mfrey@matthewfreylaw.com>

Dr. Stockman,
    My understanding from last Thursday's hearing was that the Court allowed you to depose four individuals at this time: Tracy Kaufman, Lindsay LaPierre, Anne Raye, and John Harkin. The Court explicitly excluded me from the list of possible deponents. I was trying to set a mutually convenient time for these persons' depositions. Do you still want to depose them? If so, what dates or times work for you? Please let me know. Thank you.

Karl
[Quoted text hidden]



## Wildfire Depositions

2 messages

---

**Karl Wenzloff** <karl@wenzlofflaw.com>                                     Tue, May 12, 2026 at 4:40 PM
To: Matt Frey <mfrey@matthewfreylaw.com>, David Stockman <dstockma4@icloud.com>

Matt and David,

    I've now heard from all four persons from Wildfire that the court ordered could be deposed. All four persons (John, Ann, Tracy, and Lindsay) are available on May 28, 2026. John is only available in the morning, but everyone else is available throughout the day.

    If you want to depose these individuals, please confirm that this date works for you. I can stipulate to a deposition or you can send notice. I can also get you the name and number for a court reporter, or, if you'd like, I can talk to one myself to make sure one is available that day. Lastly, I think we had discussed using the bankruptcy court as the location for the depositions, but let me know if you have another place you'd prefer.

    If you have any questions, please let me know. Thanks.

Karl Wenzloff


--
Karl L. Wenzloff
Wenzloff & Fireman, P.C.
903 North Jackson, Bay City, MI 48708
989-893-9511

*This email is confidential and is intended solely for the use of the person identified and intended as the recipient. If you are not the intended recipient, any disclosure, copying, distribution, or taking of any action in reliance on the contents is prohibited. If you receive this message in error, please contact the sender immediately.*

---

**mfrey matthewfreylaw.com** <mfrey@matthewfreylaw.com>                      Tue, May 12, 2026 at 4:54 PM
To: Karl Wenzloff <karl@wenzlofflaw.com>, David Stockman <dstockma4@icloud.com>


I am available that day, but I can defer to Dr. Stockman on who he wanted to depose.


Matthew L. Frey, J.D., LL.M.

Attorney at Law

4901 Towne Centre Road, Suite 235

Saginaw, MI 48604

Ph: 989-297-1560

Fax: 989-393-5962

office: 989-799-2227

mfrey@matthewfreylaw.com


Also available for all appointments or communications via Zoom, Phone, or In-person

An Act of Congress requires me to indicate that pursuant to the United States Bankruptcy Code, I am a debt relief agency.
I help people file for bankruptcy relief under the Bankruptcy Code, among other legal services I provide.

[Quoted text hidden]


## Depositions

3 messages

---

**mfrey matthewfreylaw.com** <mfrey@matthewfreylaw.com>                Wed, May 20, 2026 at 10:23 AM
To: Karl Wenzloff <karl@wenzlofflaw.com>, David Stockman <dstockma4@icloud.com>


Am I blocking off the 28th for the depositions as discussed on the record? I'm a little confused. I thought we were starting with a handful along with Ms. Perez, but I need to know so I can make her available.


Matthew L. Frey, J.D., LL.M.

Attorney at Law

4901 Towne Centre Road, Suite 235

Saginaw, MI 48604

Ph: 989-297-1560

Fax: 989-393-5962

office: 989-799-2227

mfrey@matthewfreylaw.com


Also available for all appointments or communications via Zoom, Phone, or In-person


An Act of Congress requires me to indicate that pursuant to the United States Bankruptcy Code, I am a debt relief agency. I help people file for bankruptcy relief under the Bankruptcy Code, among other legal services I provide.

---

**Karl Wenzloff** <karl@wenzlofflaw.com>                Wed, May 20, 2026 at 11:50 AM
To: "mfrey matthewfreylaw.com" <mfrey@matthewfreylaw.com>
Cc: David Stockman <dstockma4@icloud.com>
Bcc: Lindsay LaPierre <llapierre@wildfirecu.org>, Tracy Kaufman <tkaufman@wildfirecu.org>

As I've mentioned in prior emails, John, Tracy, Lindsay, and Ann from Wildfire are all available for deposition on the 28th. It sounds like Magdalena is available that date, as well.   Unfortunately, I haven't heard from Dr. Stockman about whether that date works for him.

**Dr. Stockman** - could you please confirm that you want to conduct the depositions of these four employees and Ms. Perez on May 28?  If that doesn't work for you, we need to know right away.  I had also asked if you needed assistance setting up the court reporter; I'm still able to help, but you need to let me know right away.  I can provide you with court reporters' names and contact information.  Lastly, please confirm that the Bankruptcy Courthouse is your desired location for the depositions.  You'll likely need to speak to the court promptly to ensure that the building is available and reserve the space.

In order to set everyone's schedule, I need confirmation by the end of business tomorrow, May 21, that we are going forward with the depositions on the 28th.  If I don't hear from you by then, I will assume we are not proceeding with the

depositions. I'm not going to have my clients take time off work and show up next week for a deposition without sufficient prior confirmation of the date, time, and location.

If you have any questions, please let me know. Thank you for your cooperation.

Karl Wenzloff
[Quoted text hidden]
--
Karl L. Wenzloff
Wenzloff & Fireman, P.C.
903 North Jackson, Bay City, MI 48708
989-893-9511

*This email is confidential and is intended solely for the use of the person identified and intended as the recipient. If you are not the intended recipient, any disclosure, copying, distribution, or taking of any action in reliance on the contents is prohibited. If you receive this message in error, please contact the sender immediately.*

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

IN RE:
MAGDALENA PEREZ,

      Debtor.

_____/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

WILDFIRE CREDIT UNION,
      Plaintiff,

Adv. Proc. No. 25-02007-dob

vs.

MAGDALENA PEREZ,
      Defendant.

_____/

MAGDALENA PEREZ
      Third-Party Plaintiff,

v.

JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
      Third-Party Defendants

_____/

## CERTIFICATE OF SERVICE

I hereby certify that on the date set out below I served a copy of the following document(s) upon each of the parties listed below.

    ***PLAINTIFF'S RESPONSE TO THIRD-PARTY DEFENDANT'S REQUEST FOR COURT GUIDANCE ON DISCOVERY DEFICIENCIES, DEPOSITIONS, AND PENDING MOTION TO COMPEL IN ADVANCE OF JUNE 18, 2026 STATUS CONFERENCE***
        ***EXHIBIT – EMAIL CORRESPONDENCE***
        ***CERTIFICATE OF SERVICE***

Served electronically via the Court's ECF system:

Matthew Lee Frey: mfrey@matthewfreylaw.com
Scott Kwiatkowski: scott@bk-lawyer.net

A copy was emailed to David Stockman at dstockma4@icloud.com.

Served via United States Postal Service with the proper amount of postage affixed thereon:

David Stockman
3871 Fortune Blvd.
Saginaw, MI 48603

Date:   6/12/2026                              /s/ Karl L. Wenzloff
                                        Karl L. Wenzloff (P71939), Attorney for Plaintiff
                                        903 N. Jackson, Bay City, MI 48708
                                        (989) 893-9511
                                        wenzloffbankruptcy@sbcglobal.net