UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN - NORTHERN DIVISION

IN RE:
MAGDALENA PEREZ,

Debtor.
______________________________/

Case No. 24-21078-dob
Honorable Daniel S. Opperman
Chapter 7

WILDFIRE CREDIT UNION,
Plaintiff,

Adv. Proc. No. 25-02007-dob

vs.

MAGDALENA PEREZ,
Defendant.
______________________________/

MAGDALENA PEREZ
Third-Party Plaintiff,

v.
JENNIFER STOCKMAN, and
DAVID LEWI EMMANUEL STOCKMAN,
Third-Party Defendants
__________________________________________________/

**CONSENT JUDGMENT DETERMINING DEBT TO BE NONDISCHARGEABLE PURSUANT TO §523**

Upon reading and filing of the Stipulation for Entry of Consent Judgment of Nondischargeability entered into between the parties to this action, and the Court being fully advised in the premises:

**IT IS HEREBY ORDERED** that a Consent Judgment of Non-Dischargeability is entered in favor of Wildfire Credit Union and against the Defendant, Magdalena Perez, determining that the amount of $14,000.00 of the debt obligations owed to the Plaintiff is non-dischargeable under 11 U.S.C. §523(a).

**IT IS FURTHER ORDERED** that this $14,000.00 judgment balance shall be paid by the Defendant, Magdalena Perez, in monthly installments of $250.00 beginning on October 1, 2026, with a like payment of $250.00 made each first of the month thereafter until the balance is paid in full.

**IT IS FURTHER ORDERED** that if Ms. Perez fails to make a required payment as identified in the Paragraph above, then the Credit Union may send her and her counsel a notice of default. If Ms. Perez does not cure the default within 15 days from the date of the notice, then the balance due and owing under this Judgment shall be increased to the amount of $35,000.00 less any payments already made pursuant to this Judgment.

**IT IS FURTHER ORDERED** that this Consent Judgment resolves the claims brought against Magdalena Perez by Wildfire Credit Union, but does not resolve the claims brought against David Stockman by Magdalena Perez and does not close this Adversary Proceeding.

**IT IS FURTHER ORDERED** that the Bankruptcy Court retains jurisdiction to enforce both this Consent Judgment and the Settlement Agreement entered into between the parties on August 28, 2026, and to hear any matter arising out of or relating to either.

**Signed on August 31, 2026**

**/s/ Daniel S. Opperman**

**Daniel S. Opperman**
**United States Bankruptcy Judge**